**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**JANE DOE,**

    Plaintiff,

    v.                                                                            Case No. 14-C-200

**COUNTY OF MILWAUKEE;**
**DAVID A. CLARKE, JR.;**
individually and in his official capacity,
**XAVIER D. THICKLEN;**
and **JOHN and JANE DOE,** unknown
Milwaukee County Jail employees and Officers;

    Defendants.

## DECISION AND ORDER

This Decision and Order addresses the Civil Local Rule 7(h) motion filed by Plaintiff Jane Doe ("Doe") in this civil rights action pursuant 42 U.S.C. § 1983 commenced against the Defendants County of Milwaukee ("County"); David A. Clarke, Jr., individually and in his official capacity; Xavier D. Thicklen; and John and Jane Doe, unknown Milwaukee County Jail employees and officers.

Doe's expedited non-dispositive motion, filed before any Defendant appeared in this action, requests an order requiring the County to preserve all tangible evidence relating to the incidents placed at issue by Doe's Complaint and specifically identifies eleven categories of evidence that are the subject of her request.

The County asserts the motion should be denied because Doe did not comply

with the requirements of the Rule 37(a)(1) of the Federal Rules of Civil Procedure that she certify she made a good faith effort to obtain the disclosure or discovery from the County before filing the motion; she has not shown that the County has violated or may violate its obligations to preserve evidence; and she has not shown that the County should be singled out and treated unlike the other parties in this action.

The duty to preserve evidence relevant to litigation is well recognized. *See Norman-Nunnery v. Madison Area Technical Coll.,* 625 F.3d 422, 428-29 (7th Cir. 2010*)*; *Trask–Morton v. Motel 6 Operating L.P.,* 534 F.3d 672 (7th Cir. 2008). The duty to preserve "may arise from many sources, including common law, statutes, regulations, or a court order in the case." Fed. R. Civ. P. 37(f) Advisory Committee Note. The Advisory Committee Notes to the 2006 Amendments to Federal Rule of Civil Procedure 37(f), state as follows: "When a party is under a duty to preserve information because of pending or reasonably anticipated litigation, intervention in the routine operation of an information system is one aspect of what is often called a 'litigation hold.'" *Norman-Nunnery,* 625 F.3d at 428-29, can be read as indicating that the duty to preserve arises when a party "knew or should have known that litigation was imminent." *Id.* at 429.

The County acknowledges that all parties have certain obligations imposed by the Federal Rules of Civil Procedure. In support of her motion, Doe has presented no facts to suggest that the County has engaged in or will engage in the spoliation of evidence. In short, Doe has not established any actual need for a prophylactic order of

a sort not contemplated by the federal rules of civil procedure. Therefore, Doe's motion is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Doe's expedited non-dispositive motion (ECF No 8) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2014.

                                   **BY THE COURT:**

                                   *[signature]*
                                   **HON. RUDOLPH T. RANDA**
                                   **U.S. District Judge**