**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**JANE DOE,**

      Plaintiff,

      v.                                                                   Case No. 14-C-200

**COUNTY OF MILWAUKEE;
DAVID A. CLARKE, JR.;**
individually and in his official capacity,
**XAVIER D. THICKLEN;**
and **JOHN and JANE DOE,** unknown
Milwaukee County Jail employees and Officers;

      Defendants,

      v.

**WISCONSIN COUNTY MUTUAL
INSURANCE CORPORATION,**

      Proposed Intervenor.

---

# DECISION AND ORDER

---

This Decision and Order addresses four pending procedural motions in this action filed by Plaintiff Jane Doe ("Doe") pursuant to 42 U.S.C. § 1983 for alleged deprivations of her constitutional rights by Defendants: the County of Milwaukee, Wisconsin ("County"); David A. Clarke, Jr. ("Clarke"), the County sheriff, individually and in his official capacity; Xavier D. Thicklen ("Thicklen"); and John and Jane Doe, unknown Milwaukee County Jail (the "Jail") employees and officers. The following background facts provide context for the motions.

**I.     Background**

Doe, who is 20, alleges that she was in the early stages of pregnancy when she was booked in the Jail.  (Compl.) (ECF No. 1.)  Between April and November 2013, while incarcerated in the Jail, she was the victim of five sexual assaults committed by Thicklen, then a county correctional officer.  During her incarceration, Doe gave birth to her child and during labor and delivery she was secured to her hospital bed by restraints.  Doe alleges that such conduct was undertaken pursuant to Jail custom and policy.  Doe alleges that she suffered physical pain and suffering, and emotional distress and anguish.

Doe's Complaint asserts § 1983 claims for due process violations (Count I), failure to intervene (Count II), and indemnification of the individual defendants by the County pursuant to Wis. Stat. § 895.46 for the actions of its employees acting within their scope of employment (Count III).  Through her action, Doe seeks compensatory and punitive damages, and attorneys' fees.

At the time of the alleged events, the County possessed a Public Entity Liability insurance policy issued by the Proposed Intervenor, Wisconsin County Mutual Insurance Corporation ("WCMIC").  (Proposed Intervenor Compl, 2.) (ECF No. 27.)  After receiving Doe's Complaint, the County, Clarke, and Thicklen tendered their defense to WCMIC under the insurance policy, and WCMIC provided separate counsel for each.

WCMIC retained Attorney Martin J. De Vries as Thicklen's counsel for this

case. Disputing that its policy covers Doe's claims against Thicklen, WCMIC has reserved its rights to exercise the coverage exclusions, and it seeks to intervene in this case to contest coverage. With respect to Thicklen, WCMIC asserts that the policy is subject to limitations, and, in particular, contains "several potentially applicable exclusions," including coverage exclusions for any actions that occurred outside the scope of employment, intentionally inflicted bodily injury, and injury arising from intentional or knowing violation of a penal statute or ordinance. (Letter from WCMIC to Thicklen, 3.) (ECF No. 26-3.)

As a result of a December 2013 complaint by Doe, the Milwaukee County Sheriff's Department commenced an investigation into her alleged un-consenting sexual encounters with a correctional officer. The investigation resulted in the filing of criminal sexual assault charges against Thicklen in the Circuit Court for Milwaukee County, Wisconsin; the charges apparently are for the same five sexual assaults alleged in the instant civil action. In the state criminal proceedings, Thicklen is represented by Attorney Lew Wasserman ("Wasserman"), and trial is scheduled for October 6, 2014. (ECF. No. 42.)

The following four motions have been filed in the case: (1) WCMIC's motion to intervene and to bifurcate the issues of insurance coverage and liability and to stay proceedings pertinent to liability until the coverage issue is decided (ECF No. 24); (2) Wasserman's motion to intervene (ECF No. 39); (3) the County's motion to stay proceedings in this case pending the resolution of the related criminal case (ECF No.

28); and (4) Thicken's motion for joinder in the County's motion to stay (ECF No. 31).

## II.  WCMIC's Motion to Intervene

WCMIC moves to intervene as of right in this case under Rule 24(a)(2) of the Federal Rules of Civil Procedure.  WCMIC, the County's liability insurer, seeks intervention to protect its monetary interests by contesting insurance coverage for Thicklen's actions under three policy exclusions: for actions that occurred outside the scope of employment, intentionally inflicted bodily injury, and injury arising from the intentional or knowing violation of a penal statute or ordinance.  Along with its motion to intervene, WCMIC filed a proposed Intervenor Complaint for declaratory judgment that WCMIC has no obligation to defend or indemnify Thicklen for the claims made against him in Doe's Complaint.  (ECF No. 27.)

Rule 24 of the Federal Rules of Civil Procedure governs the process by which anyone not involved in an action may become a party.  Rule 24(a)(2) provides a right to intervene to anyone with an "interest" related to "the property or transaction that is the subject of the action."  Further, the proposed intervenor must be situated such that "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.*  Accordingly, to intervene as of right a movant must establish: (1) the motion is timely; (2) the movant possesses an interest related to the subject matter of the action; (3) disposition of the action threatens to impair the interest; and (4) the existing

parties fail to adequately represent that interest. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007) (citing *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003)).

WCMIC has satisfied each of the four requirements for intervention as of right. First, although there is no specific time deadline set by Rule 24(a), *United States v. S. Bend Cmty. Sch. Corp.*, 710 F.2d 394, 396 (7th Cir. 1983), WCMIC has met the timeliness prong. By promptly bringing its motion within a month of the initiation of this action, WCMIC will not "upset the progress made towards resolving [the] dispute" because this lawsuit is in its early stages. *See Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 797 (7th Cir. 2013). Second, WCMIC has a monetary interest in the action because it provides liability insurance to the County, and because the County, Clarke, and Thicklen tendered the defense of Doe's claims to WCMIC. Third, disposition of the action could impair WCMIC's monetary interest because, as the insurer of the County, Clarke, and Thicklen, it could be obligated to indemnify a judgment that is entered against any of them. Fourth, no current party seeks a declaratory judgment that WCMIC does not have a duty to defend or indemnify Doe's allegations against Thicklen. Consequently, none of the parties represents WCMIC's interest. Therefore, having met each element, WCMIC's motion to intervene is granted.

### III. Wasserman's Motion to Intervene

Wasserman, Thicklen's state criminal case counsel, seeks to intervene under

Rule 24 or, alternatively, to make filings in this action. Wasserman seeks to file papers opposing the County's motion to stay proceedings in this case pending the resolution of the related state criminal case. The County's motion is addressed in Part V below.

Wasserman asserts that his participation is necessary to ensure Thicklen is not prejudiced because no party, including Thicklen's counsel in this civil case, has opposed the motion to stay proceedings during the criminal trial. He emphasizes that WCMIC has retained Thicklen's counsel for this case while reserving its rights to exercise the exclusion provisions. Wasserman argues that because the outcome of the criminal case may cause WCMIC to exercise its reservation of rights to stop retaining counsel, Thicklen would be prejudiced if discovery in this civil case that is relevant to the criminal case, particularly witness depositions, is not pursued and disclosed.

The County opposes the motion, contending that Wasserman cannot intervene because Thicklen is already a party involved in this action with representation, and Wasserman lacks grounds for becoming a party himself. (ECF No. 40.) Next, the County stresses that Thicklen and Wasserman should not be permitted to use information obtained from discovery proceedings in this case to benefit Thicklen's state criminal case.

In bringing his motion to present arguments to the Court, Wasserman cites Federal Rule of Civil Procedure 24 on intervention of parties. Intervention, however, is not the appropriate method to make his request to present arguments because

Wasserman does not otherwise seek to be involved in this case. Moreover, Wasserman lacks a sufficient legally recognizable interest in this case to qualify for intervention. As previously discussed, Rule 24(a)(2) provides a right to intervene in a case to party that is not yet involved if that party has an "interest" in the action. To be eligible, the interest must be "direct, significant, [and] legally protectable." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995). The sole connection that Wasserman has to this action is that he represents Thicklen, a defendant in this civil action, in a state criminal case arising out of the same alleged events, which is not a sufficient interest to intervene. Alternatively, Rule 24(b)(1)(B) provides a court discretion to permit a party to intervene if the applicant "has a claim or defense that shares with the main action a common question of law or fact." Wasserman does not meet the criteria under this provision, either, because he has no claim or defense that is related to this action.

Instead, because intervention is inapplicable, the Court will treat Wasserman's request as a motion to make an *amicus* filing. This District's Civil Local Rules contemplate accepting *amicus* filings. In particular, Civil L. R. 7.l includes an "amicus curiae" as a type of party whose attorney must file a disclosure statement in order that the Court may determine whether recusal is necessary or appropriate. The Court is best positioned to make rulings when it is fully briefed on all important considerations. For that reason, Wasserman's motion to make an *amicus* filing is granted. The Court will accept Wasserman's motion as an *amicus* filing, and will

consider his arguments against staying proceedings while the related state criminal case remains pending.

## IV. WCMIC's Motion to Bifurcate and Stay Proceedings

When WCMIC filed its motion to intervene, it also filed a proposed Intervenor Complaint seeking declaratory judgment that it is not obligated to defend or indemnify the claims made against Thicklen. To stop all other parts of the case from continuing until its declaratory judgment claim on insurance coverage is decided, WCMIC also sought a stay of proceedings. (ECF No. 24.)

WCMIC proposes that the Court follow the established Wisconsin state court practice of resolving coverage disputes by bifurcating the coverage and liability issues and staying proceedings on liability until coverage has been determined. According to WCMIC, bifurcating the issues and staying the other proceedings is mutually beneficial for insured and insurer. The procedure would enable WCMIC and Doe to know whether insurance covers Thicklen's alleged acts before the merits of Doe's claims are determined. Additionally, WCMIC asserts that deciding coverage before continuing with proceedings on liability avoids the odd situation in which it is simultaneously defending Thicklen while also arguing against having to do so.

Doe opposes the motion, arguing that the inefficiency and delay resulting from bifurcating and staying all other parts of litigation weigh heavily against a stay. (ECF No. 37.) She argues that the coverage and liability issues in this action depend on the same facts, and that not conducting simultaneous discovery on both issues would

waste resources through unnecessary duplication and cause undue delay. Doe also emphasizes that her ability to develop evidence would be prejudiced by staying discovery until coverage is decided because evidence would become stale over time.

Federal Rule of Civil Procedure 42(b) authorizes a court to separate and postpone resolution of discrete claims or issues in an action "[f]or convenience, to avoid prejudice, or to expedite and economize." Specifically, a district court may bifurcate a trial if doing so would promote efficient resolution of the action or avoid prejudice to a party, provided that bifurcation does not unfairly prejudice the non-moving party. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). The decision to bifurcate rests with the sole discretion of the district court and is made on an individual case basis. *Id.* The Court's decision should be guided by the overarching policy behind the Federal Rules, which seek the "just, speedy, and inexpensive determination" of litigation. Fed. R. Civ. P. 1. Under those principles, "bifurcation remains the exception and not the rule." *Estate of Watts v. Heine*, No. 07-CV-644, 2008 WL 4056317, at *1 (E.D. Wis. Aug. 25, 2008) (citing *Trading Techs. Int'l v. eSpeed, Inc.*, 431 F. Supp. 2d 834, 836 (N.D. Ill. 2006)).

Though Wisconsin state courts favor a practice of bifurcating insurance coverage proceedings and staying discovery on the merits of the case automatically upon request, *see, e.g.*, *Newhouse v. Citizens Sec. Mut. Ins. Co.*, 176 Wis. 2d 824, 836, 501 N.W.2d 1, 6 (Wis. 1993), federal district courts are not bound by state procedural law. *Watts*, 2008 WL 4056317, at *2. In this instance, the coverage and

liability issues depend on many of the same facts, therefore continuing with both issues together will conserve the resources and time of both the Court and the litigants. WCMIC points to three policy exceptions that it asserts relieve it from covering Thicklen's alleged actions: a provision excluding actions outside the scope of employment, a provision excluding intentionally inflicted bodily injury, and a provision excluding intentional or knowing violation of a penal statute or ordinance that results in injury. To determine whether these exclusions apply, discovery will inquire into Thicklen's employment history with the County; the accounts of witnesses to the events, including Thicklen; and County employment policies for correctional officers. Such factual issues are also relevant to an element of Doe's § 1983 claims; that is, whether or not Thicklen acted under color of state law. 42 U.S.C. § 1983. Also, in order for the County to be liable for any damages assessed against Thicklen, Doe must show that he acted within the scope of employment. *See* Wis. Stat. § 895.46 (2013-14). Because at least some of the same facts are relevant to coverage and the merits, bifurcating and staying proceedings would duplicate discovery and create unnecessary costs for the parties and the Court.

Further, WCMIC is not prejudiced from addressing both issues in a single proceeding because much of the discovery conducted for liability overlaps with coverage. In contrast, Doe will be prejudiced if discovery on the merits is delayed until coverage is resolved because her ability to develop evidence will be harmed as potential evidence is lost or becomes more difficult to gather as time passes. The

issues are best addressed in a single proceeding because, for this case, that approach will lead to a more just, speedy, and inexpensive determination. Therefore, WCMIC's motion to bifurcate and stay proceedings is denied.

## V. The County's Motion to Stay Proceedings

The County seeks to stay the proceedings in this case under Rule 12, pending the resolution of state criminal charges against defendant Thicklen. The charges, five counts of sexual assault in violation of the Wisconsin Statutes, parallel some of Doe's allegations that provide the basis for this action, and are set for trial in state court starting on October 6, 2014.

Thicklen moves to join in the County's motion. The time for any response to Thicklen's motion has passed, and none has been filed. Because Thicklen's motion is unopposed and his position on the requested stay is a relevant consideration, his motion is granted.

The County argues that it would be prejudiced without a stay because Thicklen's anticipated invocation of his Fifth Amendment privilege will block discovery from him and hinder the County's ability to present a defense. Additionally, the County claims that the public interest in law enforcement weighs against allowing Thicklen to gain an advantage by using civil discovery in this case to sidestep state criminal discovery rules. Thicklen's counsel in this case joins in the County's motion. (ECF No. 31.) Doe does not oppose the motion as long as it applies only for the duration that state criminal charges are pending and not for any

post-conviction proceedings or appeals. (ECF No. 35.)

Thicklen's state criminal case counsel, Wasserman, argues against a stay in this case as an *amicus curiae*, stating that there has been no good cause demonstrated by the parties for deviating from the presumption that proceedings in the case should continue. Beyond that, he notes that the result of the criminal case could cause WCMIC to exercise its reservation of rights to stop defending or indemnifying Thicklen in this civil case. (ECF No. 39.) Further, information useful for the criminal case could be obtained from the broader discovery in this case and help Thicklen avoid losing his insurance coverage. Thus, Wasserman asserts that to avoid prejudice Thicklen must be permitted to promptly conduct and share discovery from this case without being blocked by a stay.

District courts have inherent authority to stay civil proceedings until related criminal cases are completed "when the interests of justice seem[] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). Stays have been issued "sometimes at the request of the prosecution . . . sometimes at the request of the defense." *Id.* (citations omitted). Indeed, in previous cases this Court has held that proceedings in a civil case may be stayed to prevent them from interfering with a related criminal case. *See, e.g.*, *Mr. Dee's, Inc. v. Int'l Outsourcing Servs., LLC*, No. 08-C-457, 2008 WL 4853601, at *1 (E.D. Wis. Nov. 3, 2008); *Bruner Corp. v. Balogh*, 819 F. Supp. 811, 813 (E.D. Wis. 1993). *See also Tostado v. Jackson*, No. 10-CV-1162, 2011 WL 2116396, at *2 (E.D. Wis. May 25, 2011).

In *Bruner Corp.*, one of multiple civil defendants was also a defendant exercising his Fifth Amendment privilege in a concurrent criminal case. 819 F. Supp. at 813. The Court recognized an argument similar to that raised by the County here — that the assertion of Fifth Amendment privilege by its co-defendant, Thicklen, prejudicially obstructs it from developing its defense — and granted a stay for the civil defendant facing prosecution in the parallel criminal case. *Id.* at 816. The Court also held that staying proceedings for the rest of the civil co-defendants was appropriate because the Fifth Amendment invocation made by the criminally prosecuted co-defendant precluded discovery essential for the others, causing them prejudice. *Id.*

In addition, permitting a defendant in a criminal case to use information obtained from discovery in a related civil action would undercut the important purposes of restrictive criminal discovery rules. The discovery available in criminal cases is much more limited than in civil cases in order to prevent perjury and fabricated evidence, protect potential witnesses from intimidation and harassment, and to even the advantages between the government and the defendant, because the Fifth Amendment shields the defendant from certain types of discovery. *See Campbell v. Eastland*, 307 F.2d 478, 487 n.12 (5th Cir. 1962). Litigants involved in both civil and criminal cases with the same central factual issues should not be able to use the liberal discovery procedures available in the civil action to circumvent the restrictions on criminal discovery. *Id.*

Both the Supreme Court and the Court of Appeals for the Seventh Circuit have favored a rule that trial courts should prevent a defendant in a criminal case from using discovery in a related civil case to gather evidence not available under criminal discovery rules. *See, e.g.*, *Degen v. United States*, 517 U.S. 820, 825-27 (1996) (citing *Campbell*, 307 F.2d at 487, while explaining that a court has discretion to manage civil cases to protect a related prosecution from being compromised); *United States v. Kimberlin*, 805 F.2d 210, 234 (7th Cir. 1986) (citing *Campbell*, 307 F.2d at 487, in approving a district court order preventing a defendant from exploiting availability of depositions in civil discovery to conduct discovery for his criminal case).

If discovery proceedings in this case continue before the related state criminal case is completed, Thicklen could obtain information from this case that he would not be entitled to under the discovery procedures governing his criminal case. For instance, the civil discovery procedures in this case authorize depositions of witnesses, including Doe, who is both the plaintiff in this action and the alleged victim in the criminal case. *See, e.g.*, Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party . . ."). Such discovery would provide access to more information than a defendant is entitled to under Wisconsin criminal discovery statutes, giving Thicklen an advantage against the State in the criminal case. *See, e.g.*, Wis. Stat. § 971.23 (2013-14) (generally, a defendant or his or her attorney may not compel a crime victim to submit to a deposition). Also, as an alleged crime

victim, Doe should not be intruded upon while the related criminal case is still pending.

Therefore, to prevent civil discovery proceedings in this case from being used to undermine state criminal discovery restrictions and to prevent the County's defense from being prejudiced, it is in the interests of justice to stay civil proceedings until the trial of the related state criminal case is completed. Though the criminal case may have negative consequences for Thicklen's representation in this case under a liability insurance policy with a reservation of rights provision, Thicklen is not entitled to use civil discovery to enhance his criminal case. A criminal defendant does not need the extensive civil discovery process to mount a full and fair defense. *See SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1067 (C.D. Cal. 2008). Thus, a lack of access to civil discovery in this action during the criminal case will not prejudice Thicklen. Moreover, *Tostado* noted the preclusive effect that a parallel criminal case could have had on the civil case it stayed, based on the criminal case's potential relevance to the issues of scope of employment and indemnification under Wis. Stat. § 895.46. 2011 WL 2116396 at *3. Because this case also involves those issues, *Tostado*'s reasoning is applicable here.

The length of the proposed stay is not unduly long or indefinite, as the criminal case is progressing and trial is set for early October. Given the reasonable length of the stay, Doe's acquiescence, prejudice to the County from continuing with this action, and the importance of preventing civil discovery from being used to thwart

criminal discovery rules, the County's motion to stay proceedings until Thicklen's related state criminal trial concludes is granted.

The parties will be required to promptly file a statement in this action advising the Court when the state criminal trial against Thicken has ended.  Once the parallel criminal trial is over, proceedings in this case will resume, and all parties will be able to conduct discovery to the full extent allowed by the Federal Rules.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

WCMIC's motion with respect to intervention as of right (ECF No. 24) is **GRANTED**;

Wasserman's motion to intervene (ECF No. 39) is **GRANTED** to the extent that his *amicus curiae* filing on the issue of whether the case should be stayed has been considered, and **DENIED** in all other respects;

WCMIC's motion with respect to the bifurcation of insurance coverage issues and a stay of proceedings concerning liability until coverage is decided (ECF No. 24) is **DENIED**;

Thicklen's motion for joinder in the County's motion for a stay (ECF No. 31) is **GRANTED**;

The County's motion to stay proceedings until the resolution of a related state criminal case (ECF No. 28) is **GRANTED**; and,

The parties **MUST PROMPTLY FILE** a statement in this action advising the

Court when the state criminal trial against Thicken has ended.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2014.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**