# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JANE DOE,**

        Plaintiff,

    -vs-                                                 Case No. 14-C-200

**COUNTY OF MILWAUKEE;**
**DAVID A. CLARKE, JR.;**
individually and in his official capacity,
**XAVIER D. THICKLEN;**
and **JOHN** and **JANE DOE,** unknown
Milwaukee County Jail employees and Officers;

        Defendants,

and

**WISCONSIN COUNTY MUTUAL**
**INSURANCE CORPORATION,**

        Intervenor.

# DECISION AND ORDER

Plaintiff Jane Doe ("Doe") filed two expedited non-dispositive motions to compel pursuant to Civil L.R. 7(h).

The first motion seeks an order directing Defendant Xavier D. Thicklen ("Thicklen") to respond to her first set of interrogatories and requests for production within seven days. (ECF No. 57.) The second

motion seeks to compel Thicklen to provide complete Rule 26(a)(1) disclosures. (ECF No. 62.)

Although the time for Thicklen to file responses to Doe's motions has passed, he has not filed responses; nor is there any indication that he has responded to the subject discovery requests/obligations.

**Interrogatories and Request for Production**

Doe "issued" her first set of interrogatories and requests for production to Thicklen on April 14, 2015. Thicklen made several requests for extensions of time to respond, relying in part on difficulties presented because he does not live in Wisconsin. Doe agreed. However, as of August 14, 2015, when no responses had been provided after the multiple agreed extensions, Doe made an email request for the responses by August 18, indicating that if they were not received she would file a motion. Doe received no response to the email.

On August 19, Thicklen's counsel advised that he had not been able to complete the discovery responses because of difficulties reaching Thicklen—who is apparently only available by phone in the evening. Counsel stated he had emailed Thicklen repeatedly and believed he would be able to complete the responses in the next few days. Doe indicates that her attorney and Thicklen's attorney have amicably discussed the matter

but have been unable to resolve the issue.

Doe's filings establish that for about four months she worked with opposing counsel in an attempt to obtain the responses to her discovery requests without court involvement. She has shown a good faith attempt to resolve the discovery dispute. Thicklen's response to her discovery requests is long overdue. Therefore, Doe's motion is granted; Thicklen must provide Doe with the responses no later than October 9, 2015.

## Complete Rule 26(a) Disclosures

Doe, who has shown a good faith effort to resolve this dispute, seeks an order compelling Thicklen to provide complete initial disclosures in compliance with Fed. R. Civ. P. 26(a)(1) and Fed. R. Civ. P. 26(g). Given Thicklen's failure to respond to the motion and his overdue obligations to provide initial disclosures, he must provide Doe with supplemented disclosures that state (1) the address and phone number "if known" for each individual whose name was included in his initial disclosures and (2) the categories of information on which each witness may offer testimony. *See* Fed. R. Civ. P. 26(a)(1). These disclosures must be provided by October 9, 2015. If Thicklen fails to comply with this Decision and Order, the Court will consider additional sanctions, including an order barring Thicklen from calling any witness at trial for whom he has not provided a proper

disclosure.

## Motion to Seal

Also pending is the motion to seal documents filed on September 29, 2015,[1] by Defendants Milwaukee County and Sheriff David A. Clarke, Jr. (the "County Defendants"). (ECF No. 64.) The grounds for sealing them are that they contain Doe's name. The County Defendants' motion to seal was filed one day after amended Gen. L. R. 79(d) (E.D. Wis.) became effective.

The Court allowed Doe to proceed under a pseudonym because of the nature of the allegations in this case—repeated sexual assaults committed by Thicklen, who was then employed as a Milwaukee County Jail correctional officer, while she was a pre-trial detainee at the jail, and the threat of humiliation and retaliation for bringing this action, particularly given the media attention to the case. *See Doe v. City of Chi.,* 360 F.3d 667, 669 (7th Cir. 2004). At this juncture, based on the foregoing and having considered Doe's current circumstances; the interests of the Defendants who know Doe's true identity; and the public's interest in open judicial proceedings, including knowing the parties' names; the Court concludes

---

[1] The Court has corrected a typographic error—the motion actually states the documents were filed September 2, 2015.

- 4 -

that there is good cause to continue to keep Doe's name confidential. *See id.*

However, by the stated deadline, the County Defendants must file redacted versions of the sealed documents which redact Doe's name. *See* Gen. L.R. 79(d)(2). (The redacted versions should have been filed with the motion.) Furthermore, the County Defendants must make sure that the redacted versions comply with requirements of Fed. R. Civ. P. 5.2(a).

The following documents include Doe's name, and therefore the motion to seal is granted as to them:

The County Defendants' Proposed Findings of Fact in Support of their Motion for Partial Summary Judgment (ECF No. 67);

The Declaration of Charles Bohl ("Bohl") and attached Exhibits A, C, D and E (ECF Nos. 68, 68-1, 68-3, 68-4, 68-5);

The Declaration of Captain Beverly Kay Williams and attached Exhibit A (ECF Nos. 69, 69-1);

The following documents do not refer to Doe by her name, and therefore the County Defendants' motion to seal is denied as to them:

The County Defendants' Motion for Partial Summary Judgment (ECF No. 65);

The County Defendants' Brief in Support of their Motion for Partial

Summary Judgment (ECF No. 66);

Exhibit B to the Bohl Declaration (ECF No. 68-2);

The Declaration of Kevin Nyklewicz and attached Exhibits A and B (ECF Nos. 70, 70-1, 70-2);

The Declaration of Deputy Sheriff Felicia McCoy-Maten (ECF No. 71)

The Declaration of Deputy Sheriff Pamela Terrell (ECF No. 72); and

The Declaration of Deputy Sheriff Anne Varick (ECF No. 73).

The Clerk of Court will be directed to file those documents in the public record. *See Gen.* L.R. 79(d)(2).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Doe's expedited non-dispositive motion to compel Thicklen to respond to her first set of interrogatories and requests for production (ECF No. 57) is **GRANTED.** Thicklen **MUST PROVIDE** Doe with responses to such interrogatories and requests for production **no later than October 9, 2015**.

Doe's expedited non-dispositive motion to compel Thicklen to provide complete Rule 26(a)(1) disclosures (ECF No. 62) is **GRANTED.** Thicklen **MUST PROVIDE** Doe with complete Rule 26(a)(1) disclosures **no later**

- 6 -

**than October 9, 2015**.

The County Defendants' motion to seal documents (ECF No. 64) is **GRANTED AS TO THE FOLLOWING DOCUMENTS**:

The County Defendants' Proposed Findings of Fact in Support of their Motion for Partial Summary Judgment (ECF No. 67);

The Bohl Declaration and attached Exhibits A, C, D and E (ECF Nos. 68, 68-1, 68-3, 68-4, 68-5);

The Declaration of Captain Beverly Kay Williams and attached Exhibit A (ECF Nos. 69, 69-1);

As to the foregoing documents, the County Defendants **MUST FILE** redacted versions consistent with this Decision and Order no later than **October 9, 2015**;

The County Defendants motion to seal (ECF No. 64) is **DENIED AS TO THE FOLLOWING DOCUMENTS**, and the Clerk of Court is **DIRECTED TO UNSEAL** them:

The County Defendants' Motion for Partial Summary Judgment (ECF No. 65);

The County Defendants' Brief in Support of their Motion for Partial Summary Judgment (ECF No. 66);

Exhibit B to the Bohl Declaration (ECF No. 68-2);

The Declaration of Kevin Nyklewicz and attached Exhibits A and B (ECF Nos. 70, 70-1, 70-2);

The Declaration of Deputy Sheriff Felicia McCoy-Maten (ECF No. 71);

The Declaration of Deputy Sheriff Pamela Terrell (ECF No. 72); and

The Declaration of Deputy Sheriff Anne Varick (ECF No. 73).

Dated at Milwaukee, Wisconsin, this 2nd day of October, 2015.

**BY THE COURT:**

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**