UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JANE DOE,**

        Plaintiff,

        -vs-                        Case No. 14-C-200

**COUNTY OF MILWAUKEE;**
**DAVID A. CLARKE, JR.;**
individually and in his official capacity,
**XAVIER D. THICKLEN;**
and **JOHN** and **JANE DOE,** unknown
Milwaukee County Jail employees and Officers;

        Defendants,

and

**WISCONSIN COUNTY MUTUAL**
**INSURANCE CORPORATION,**

        Intervenor.

# DECISION AND ORDER

Plaintiff Jane Doe filed this action pursuant to 42 U.S.C. § 1983 alleging that while in the custody of Defendant David A. Clarke, Jr. at the Milwaukee County Jail, she was sexually assaulted by Defendant Xavier D. Thicklen, a Jail correctional officer, and his conduct was facilitated by Defendant Milwaukee County's widespread practice of failing to

adequately train, discipline, or supervise officers with regard to sexual misconduct on duty. Additionally, she alleges that while in Clarke's custody, and pursuant to the County's policy, she was required to give birth to her first child while shackled to a hospital bed.

This matter is before the Court on two expedited non-dispositive motions pursuant to Civil L.R. 7(h). (ECF Nos. 76, 81.) The first motion, filed by the County Defendants requests a protective order precluding the depositions of Clarke and Richard Schmidt ("Schmidt"). The Defendants state that given their production of County Inspector Kevin A. Nyklewicz, a competent Rule 30(b)(6) witness, for deposition regarding Defendant Milwaukee County's restraint policy, and the written policy, the depositions of Clarke and Schmidt would only annoy and oppress them and cause them undue burden and expense.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. *See Appleton Papers, Inc. v. E.P.A.,* 702 F.3d 1018, 1023 (7th Cir. 2012). The County named Clarke and Schmidt as Rule 26(a)(1) witnesses. Clarke, who is sued in his official and individual capacities, is a County policy maker, and the County's policies are being challenged on Fourteenth Amendment grounds. (Compl. ¶¶ 6, 46-48, 50,

53, 62, ECF No. 1.) During his deposition, Nyklewicz testified that he was unable to provide the answer as to whether Schmidt could change the policy of shackling during delivery or whether Schmidt would have to "go to Clarke." (Kleinhaus Decl., Ex. B (Nyklewicz Dep.) 26, ECF No. 84-2.)

The Court may issue an order to protect a "person from annoyance, embarrassment, oppression, or undue burden or expense" only for good cause. *See* Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of demonstrating good cause for issuance of such an order. *BP Prods. N. Am., Inc. v. Bulk Petroleum Corp.,* No. 07-C-1085, 2008 WL 4066106, at *3 (E.D. Wis. Aug. 27, 2008). That burden may only be satisfied with "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause." *Patt v. Family Health Sys., Inc.,* 189 F.R.D. 518, 522 (E.D. Wis. 1999) aff'd, 280 F.3d 749 (7th Cir. 2002). The movant must show that requested discovery will cause a clearly defined and serious injury. *Id*

The County Defendants' conclusory assertions of annoyance and oppression do not satisfy their burden of showing good cause for the issuance of a protective order. The motion (ECF No. 76) is **DENIED**. Clarke and Schmidt must make themselves available for deposition within

a reasonable time as proposed by Doe.

Doe filed a motion for an order pursuant to Fed. R. Civ. P. 37(c) striking the declarations of three sheriff's deputies which were filed in support of the County Defendants' motion for partial summary judgment (ECF Nos. 71-73). Alternatively, she requests an order pursuant to Fed. R. Civ. P. 56(d) allowing her to depose the three deputies before filing her response, and extending the time for her to file her partial summary judgment response until November 30, 2015.

Doe states that deputies Felicia McCoy-Maten, Pamela Terell, and Anne Varick apparently were personally involved in guarding her while she was in the hospital and made observations regarding her shackling; however, their names were not included in the County Defendants' Fed. R. Civ. P. 26(a) initial disclosures or response to her interrogatory. She requests their declarations be stricken contending the failure to disclose these witnesses is not justifiable or harmless.

The Defendants argue Doe's motion should be denied because she has been in possession of the documents identifying all three witnesses since May 2015, they offer production of the three deputies for depositions, and they have no objection to Doe deposing them before filing her partial summary judgment response.

- 4 -

Rule 37(c)(1) provides that a party who fails to identify a witness as required by Rule 26(a) "is not allowed to use that . . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Court should consider the following factors in determining whether the sanction of exclusion is warranted: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Smithfield Foods v. United States,* No. 13-C-651, 2014 WL 4749430, at \*3 (Sept. 23, 2014) (quoting *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003)).

The Defendants have not established substantial justification for their failure to provide the names of the three deputies in their Rule 26(a)(1) disclosures, in response to Doe's interrogatory, or to supplement their discovery information. While there is no evidence of bad faith or willfulness in the non-disclosure, it is unexplained. However, Doe can cure the prejudice by deposing the three deputies before filing her partial summary judgment response, and she is willing to accept such alternative relief. Therefore, Doe's motion (ECF No. 81) is **GRANTED** with respect to

alternative relief under Rule 56(d) and **DENIED** in all other respects. The County Defendants **MUST** make the three deputies available for prompt deposition, and Doe **MAY FILE** her partial summary judgment response on or before **November 30, 2015**.

**SO ORDERED** at Milwaukee, Wisconsin, this 23rd day of October, 2015.

                                              **BY THE COURT:**

                                              *[signature]*
                                              **HON. RUDOLPH T. RANDA**
                                              **U.S. District Judge**