UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JANE DOE,** on behalf of herself and
others similarly situated**,**

        Plaintiff,

    -vs-                                                                                          **Case No. 14-C-200**

**COUNTY OF MILWAUKEE;**
**DAVID A. CLARKE, JR.**,
individually and in his official capacity;
**XAVIER D. THICKLEN;**
and **JOHN** and **JANE DOE,** unknown
Milwaukee County Jail employees and Officers,

        Defendants,

        and

**WISCONSIN COUNTY MUTUAL**
**INSURANCE CORPORATION,**

        Intervenor.

# DECISION AND ORDER

Plaintiff Jane Doe filed an expedited non-dispositive motion to compel Defendant Milwaukee County and its medical services and records contractor, Armor Correctional Health Services, Inc., to provide certain documents in response to Requests #1 and #2 of her third request for production of documents within seven days of an order by the Court. (ECF No. 116.) The

County contends that the motion to compel is unnecessary because it not only fulfilled, but exceeded those requests. (Cnty. Resp. 2, 4, ECF No. 118.) In apparent conflict, the County also states that due to the scope and breadth of Doe's discovery requests, it has been unable to produce all of the documents potentially responsive to Doe's discovery request and that it continues in its efforts to produce responsive documents and to facilitate production of documents from Armor to Doe.

Since 2013, Armor has provided health care for County detainees and inmates; provided medical records management and administrative support services; and maintained the medical records for each inmate receiving health care services at the Milwaukee County Jail. Due to the confidentiality of those records, the County could not produce Armor's records without a protective order. The Court entered a stipulated protective order on April 21, 2016. (ECF No. 109.)

Between April 29 and May 31, 2016, Doe sent five emails to the County, requesting the discovery materials. (Group Ex. D, ECF No. 116-4.) On May 9, the County stated that its responses should be ready the following day; however, it did not have the Armor documents. On May 10, the County stated the requested documents were ready, but it wanted to have the amended protective order in place before producing them. The Court entered an amended protective order on May 19. (ECF No. 115.) On May 25, the County

produced documents labeled MilwCnty 003721-3801 identifying Jail detainees who were hospitalized for labor and delivery from October 4, 2009, through April 30, 2016. (Posnanski Decl. ¶ 2, ECF No. 119.)

Doe's May 31 email requested the County's position on the Armor documents, and indicated that if she did not receive the documents she would move to compel. On June 1, Doe conferred unsuccessfully with the County in a good faith effort to resolve the discovery dispute. (Kleinhaus Decl. ¶¶ 3-4.) On June 20, the County provided her with the last known contact information for Jail detainees who gave birth while hospitalized. (*Id.* at ¶ 3.) On June 21, Doe filed the motion to compel.

Request #1 asks for "[a]ll records indicating the names and last known contact information of women who gave birth while in the custody of Milwaukee County Jail from October 4, 2009-October 4, 2013, including but not limited to, women who were restrained by shackles or other devices." (Mot. Compel, Ex. A, 1.) The County produced records of *hospitalizations* for women who gave birth from October 2009 through the end of April 2016 — a time period in excess of Doe's October 2013 end date. The information the County produced, however, is more limited than Doe requests; her request includes all women who *gave birth* while in custody, not just those who were hospitalized. The County has not fully responded to Request #1. Therefore, the Court will grant the motion to compel as to that request, including last

- 3 -

known addresses of the women. The County must supplement its response no later than August 19, 2016.

Request #2 seeks "[a]ll records indicating any risk assessments that were conducted in order to determine whether to shackle any women who gave birth while in the custody of Milwaukee County Jail from October 4, 2009-0ctober 4, 2013." In September 2015, the County objected to the request as "vague and ambiguous" with respect to "risk assessments." (Mot. Compel, Ex. B, 2, ECF No. 116-2.) The County also stated:

> Subject to and without waiving this objection, risk assessments are performed for each and every medical procedure for which an inmate is transported to the hospital, regardless of the type of medical procedure. Milwaukee County Sheriff's Office procedures dictate that all inmates sent for hospital transport are to be evaluated and assessed based upon security risk factors. Restraints are applied to all inmates during all hospital watch medical procedures and are only release[d] based upon medical necessity as determined by medical professionals in consultation with Milwaukee County Sheriff[']s Office staff. An inmate's bail, criminal charges, disciplinary history, and biographical information are all factored in to hospital security and transport assessments. In law enforcement and corrections, hospital transports and hospital security are considered extremely high-risk and dangerous situations. In further response to this Request, please see documents previously produced marked as MilwCnty002986-002994.

(*Id.*)

Doe states that the County and Armor have not produced relevant documents. The County states that it has done so.

The County responded to the request in September 2015. It also

- 4 -

supplemented its response to the third set of requests for production on April 6, 2016. (Posnanski Decl. ¶ 4.) The County provides no further details regarding its supplemented response.

The Court did not sign the protective order until late April 2016, after the County had responded and supplemented that response. There is no indication that the documents produced by the County prior to the date of the protective order include any risk assessment records maintained by Armor. Because it does not have an affirmative statement by the County or any evidence that the risk assessment documents it produced include Armor's records, the Court will grant the motion as to Request #2 and will require that any additional documents be produced by August 19, 2016.

Based on the foregoing, Doe's motion to compel (ECF No. 116) is **GRANTED**. **No later than August 19, 2016**, the County and Armor must respond in full to Requests #1 and #2 of Doe's third set of interrogatories and requests for production.

**SO ORDERED** this 2nd of August, 2016**.**

                              **BY THE COURT:**

                              s/ *Pamela Pepper*
                              for **HON. RUDOLPH T. RANDA**
                              **U.S. District Judge**