UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANE DOE,

          Plaintiff,

v.

COUNTY OF MILWAUKEE,
DAVID A. CLARKE, JR.,
individually and in his Official capacity,
XAVIER D. THICKLEN, and
JOHN and JANE DOE, unknown Milwaukee
County Jail Employees and Officers,

          Defendants.

Case No. 14CV200

## DEFENDANTS COUNTY OF MILWAUKEE AND DAVID A. CLARKE, JR.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants County of Milwaukee and Sheriff David A. Clarke, Jr. ("Answering Defendants") by their attorneys, Whyte Hirschboeck Dudek, S.C., hereby respond to Plaintiff's First Set of Interrogatories as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, address and phone number of every Person who participated in answering these Interrogatories and responding to the accompanying Document Requests, indicating which particular Interrogatories and Requests were answered by which Person.

**RESPONSE TO INTERROGATORY NO. 1:** Captain James Cox, 821 West State Street, Milwaukee, WI, 53233, with the assistance of counsel.

**INTERROGATORY NO. 2:** Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including, but not limited to, all Persons who are not listed in Defendant's Rule 26 Initial disclosures.

WHD/11411791.3

Case 2:14-cv-00200-JPS   Filed 10/21/16   Page 1 of 8   Document 145-18

Exhibit 18

**RESPONSE TO INTERROGATORY NO. 2:** Object to this Interrogatory as vague and overbroad. See Initial Disclosures of all parties.

**INTERROGATORY NO. 3:** For each Person with knowledge responsive to the previous Interrogatory, please describe with particularity any facts known by each such Person relating to the claims or defenses in this action, including all facts about which the Person may be competent to testify at trial. If this Interrogatory is answered by incorporating Documents, please state under oath whether there are any categories of facts known to any witness relating to the claims or defenses in this action which are not reflected in the documents upon which you rely; in the event you fail to do so, Plaintiff will assume the substance of the witnesses' testimony is strictly limited to what is contained in such documents.

**RESPONSE TO INTERROGATORY NO. 3:** Object to this Interrogatory as vague and overbroad.

**INTERROGATORY NO. 4:** Under oath, please state whether there have ever been any Complaints made against Defendant Thicklen (including Plaintiff's Complaint or any Complaints which presently remain pending), including, but not limited to, any and all Complaints made by an inmate in custody of the Milwaukee County Jail. For all Complaints responsive to this Interrogatory, please provide the Complaint number or other identifying information, and describe your understanding of the disposition.

**RESPONSE TO INTERROGATORY NO. 4:** The personnel file of Defendant Thicklen is being produced which contains all complaints known to Answering Defendants.

**INTERROGATORY NO. 5:** Please describe every communication between any employee of the County of Milwaukee and/or the Milwaukee County Jail and anyone regarding Plaintiff, the allegations in Plaintiff's complaint, and/or Defendant Thicklen's actions in February 2013. For each such Communication state: (a) the date of the Communication; (b) with whom the Communication occurred; and (c) a summary of the nature of the Communication. If you intend to answer by reference to documents, please state under oath that the documents contain all of the information responsive to this Interrogatory, and provide the relevant Bates Numbers.

**RESPONSE TO INTERROGATORY NO. 5:** Object to this Interrogatory as vague and overbroad. Subject to that objection, see production of documents and other materials.

**INTERROGATORY NO. 6:** For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**RESPONSE TO INTERROGATORY NO. 6:** Object to this Interrogatory as vague and overbroad.

**INTERROGATORY NO. 7:** Please identify any and all criminal convictions of any person relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the person who has been convicted and the nature of the conviction and (b) the complete factual basis, if any, as to why the conviction may qualify as admissible under FRE 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move in limine to bar any references to convictions not identified in the manner requested.

**RESPONSE TO INTERROGATORY NO. 7:** On November 26, 2014 Defendant Thicklen pled no contest to criminal charges under Wis. Stat. § 946.12(2) related to Plaintiff's allegations. The nature of the conviction and the factual basis is contained in the Circuit Court record and is as available to Plaintiff as to Answering Defendants. Additional information may be in the possession of the Milwaukee County District Attorney's Office.

**INTERROGATORY NO. 8:** Please state whether Defendant Thicklen's conduct toward Plaintiff on any occasion was inconsistent with any of the policies and practices of the County or the Jail (formal or informal, written or unwritten). If the answer is in the affirmative, please identify: (a) any particular policy or practice which was violated; and (b) whether any discipline resulted from that violation.

**RESPONSE TO INTERROGATORY NO. 8:** Object to this Interrogatory as vague and overbroad. Subject to that objection and without waiver, the conduct of Defendant Thicklen which was charged in the complaint to which he pled no contest violated the policies of the Milwaukee County Sheriff's Office. The conduct alleged in Jane Doe's complaint, if true, would violate the policies of the Milwaukee County Sheriff's Office and additionally would violate multiple criminal statutes.

**INTERROGATORY NO. 9:** For any Affirmative Defenses pled in this matter, please describe the entire factual basis or bases supporting those defenses. The information sought by this Interrogatory is not a mere recitation of the statutory sections invoked. Plaintiff requests that you provide a detailed description of every fact and legal basis on which any defense, such as immunity, for example, is asserted so that Plaintiff may have the opportunity to investigate by

way of additional discovery requests. For instance, if there is any physical, documentary, or testimonial evidence which supports any such defense, please identify it specifically.

**RESPONSE TO INTERROGATORY NO. 9:** Object to this Interrogatory as vague and overbroad.

**INTERROGATORY NO. 10:** If you contend that Defendant Thicklen was acting outside the scope of his employment during his interactions with Plaintiff between April 1, 2013 and December 31, 2013, please so state, and describe with particularity each and every reason or factual basis that supports your contention, and state all facts known to you that tend not to support your contention.

**RESPONSE TO INTERROGATORY NO. 10:** Object to this Interrogatory as calling for a legal conclusion. Additionally, object on the ground that Defendant Thicklen's conduct is a disputed issue of fact to be determined by the finder of fact. Admit that Defendant Thicklen came into contact with Jane Doe within the Milwaukee County Jail while he was employed by Milwaukee County as a corrections officer. These Answering Defendants have no knowledge as to whether there was contact between Jane Doe and Defendant Thicklen outside of the Milwaukee County Jail.

**INTERROGATORY NO. 11:** If you contend that Defendant Thicklen was not acting under color of law during his interactions with Plaintiff in February 2013, please so state, and describe with particularity each and every reason or factual basis that supports your contention, and state all facts known to you that tend not to support your contention.

**RESPONSE TO INTERROGATORY NO. 11:** See Response to Interrogatory No. 10.

**INTERROGATORY NO. 12:** Identify the policymaker with final policymaking authority for the County's policies and practices relating to:

    a.    contact of a sexual nature between on-duty officers and civilians;

    b.    unwanted sexual contact;

    c.    documenting and/or reporting interactions with civilians;

    d.    use of restraints, including shackles;

e. treatment and care of pregnant inmates, including any and all procedures to following during pre-labor, labor, and delivery;

f. Internal Affairs investigations;

g. Investigating allegations that a correctional officer engaged in sexual contact with an inmate;

h. Supervising or disciplining officers;

i. An officer's obligation and/or duty to report misconduct that a fellow officer may have committed;

j. Evaluating and, if necessary, revising the policies and procedures for each of the foregoing topics.

**RESPONSE TO INTERROGATORY NO. 12:** Object to this Interrogatory as calling for a legal conclusion. The policies of the Sheriff's Department that have been requested are being produced within the accompanying materials. The ultimate decision maker for Milwaukee County is the Milwaukee County Board.

**INTERROGATORY NO. 13:** Identify each and every individual with any supervisory authority over Defendant Thicklen (whether a direct supervisor, such as a sergeant, or an indirect supervisor, such as the superintendent, captain, head of IAD, etc.) who learned that Defendant Thicklen was accused of having sexual contact with Plaintiff, and state the name and star number of the individual(s) who learned this information, what exactly they learned, how they learned it, when they learned it, and any actions or steps they took upon learning this information.

**RESPONSE TO INTERROGATORY NO. 13:** The information requested by this Interrogatory is contained within the reports and other investigative materials that are being produced.

**INTERROGATORY NO. 14:** Do you content that Plaintiff had any interaction of a sexual nature with Defendant Thicklen? If so, state every fact you know or believe to be true regarding the date, time, location, and nature of the interaction, state whether or not you believe the sexual interaction(s) was consensual, and state every basis for your position.

**RESPONSE TO INTERROGATORY NO. 14:** The conduct of Plaintiff ▮▮▮ and Defendant Thicklen is a disputed issue of fact to be determined by the finder of fact. The

materials that are being produced contain statements by Plaintiff ▮▮▮ that sexual interaction took place, some of which she has stated was consensual, but also contains statements of Defendant Thicklen denying that sexual interaction took place.

**INTERROGATORY NO. 15:** Since January 1, 2007, have there been any evaluations of, or changes to, the method or manner by which officers are monitored, supervised, or tracked for purposes of identifying potential disciplinary problems or patterns? If so, please describe with specificity all such evaluations or changes have occurred, who performed them, when they occurred, and identify by bates number any documents that relate to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 15:** No changes have been made since January 1, 2007.

**INTERROGATORY NO. 16:** Is it your position that Plaintiff was shackled at any time while pregnant? If so, please describe each instance when she shackled, who shackled her, where she was shackled, every reason why she was shackled, and state whether she was shackled pursuant to the policy of the Milwaukee County Jail.

**RESPONSE TO INTERROGATORY NO. 16:** Plaintiff Jane Doe was shackled at times and unshackled when medically appropriate. Plaintiff Jane Doe was and is a high risk for flight and has been a fugitive in the past who has violated conditions of probation and was, at that time, being held on criminal charges with the potential for significant periods of incarceration and is a fugitive from at least one other jurisdiction where Jane Doe is likely to be required to serve an extended period of incarceration. See Responses by Defendants County of Milwaukee and David A. Clarke, Jr. to Plaintiff's First Set of Written Requests for Production to All Defendants.

**INTERROGATORY NO. 17:** Please state every reason why Xavier Thicklen stopped working at the Milwaukee County Jail.

**RESPONSE TO INTERROGATORY NO. 17:** Yes. See Responses by Defendants County of Milwaukee and David A. Clarke, Jr. to Plaintiff's First Set of Written Requests for Production to All Defendants.

AS TO ANSWERS TO INTERROGATORIES:

STATE OF WISCONSIN      )
                        ) ss
COUNTY OF MILWAUKEE     )

*Captain James Cox* (signature)

Subscribed and sworn to before me
this 12 day of ~~May~~ JUNE, 2015.

*Rita Norwood* (signature)
Notary Public, State of Wisconsin
My Commission Expires: June 25, 2017



AS TO OBJECTIONS:

Dated this 1st day of May, 2015.

*[signature]*

Charles H. Bohl
Andrew A. Jones
Attorneys for Milwaukee County and
Sheriff David A. Clarke, Jr.
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
(414) 273-2100  Phone
(414) 223-5000  Fax
cbohl@whdlaw.com
ajones@whdlaw.com