# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JANE DOE,

        Plaintiff,

v.

COUNTY OF MILWAUKEE,
DAVID A. CLARKE, JR.,
XAVIER D. THICKLEN, and
JOHN/JANE DOE,

        Defendants.

Case No. 14-CV-200-JPS

**ORDER**

On January 27, 2017, the defendants County of Milwaukee and David A. Clarke, Jr. ("Defendants") filed a motion to certify this matter for interlocutory appeal. (Docket #163). Specifically, they request that the Court amend its December 1, 2016 order on summary judgment to certify the following question: "whether Defendant Xavier D. Thicklen's alleged sexual contact with Plaintiff was outside the scope of his employment with Milwaukee County as a matter of law." *Id.* Plaintiff opposes the motion.

Defendants' motion seeks certification pursuant to 28 U.S.C. § 1292. To warrant certification, the Seventh Circuit has explained that the statute has four mandatory criteria: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000); *see* 28 U.S.C. § 1292(b). Interlocutory appeals are generally disfavored because they are an exception to the final judgment rule, they interrupt the progress of a case and prolong its disposition, and an avalanche of interlocutory appeals would result if every procedural ruling was subject to appellate review. *See id.* at 676 (to improperly certify a matter for appeal "is merely to waste our time and delay the litigation in the district court, since

the proceeding in that court normally grinds to a halt as soon as the judge certifies an order in the case for an immediate appeal."); *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 669 (7th Cir. 1999). Finally, the Court notes that certification is a matter of discretion. 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion [that certification is appropriate], he shall so state in writing in such order.").

Defendants' motion must be denied for two primary reasons. First, the question Defendants posit is not one of law. The *Ahrenholz* court, cited by Defendants, addressed this very issue:

> Formally, an appeal from the grant or denial of summary judgment presents a question of law (namely whether the opponent of the motion has raised a genuine issue of material fact), which if dispositive is controlling; and often there is room for a difference of opinion. So it might seem that the statutory criteria for an immediate appeal would be satisfied in every case in which summary judgment was denied on a nonobvious ground. But that cannot be right. Section 1292(b) was not intended to make denials of summary judgment routinely appealable, . . . which is the implication of the district court's certification and of the defendants' petition in this court. A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable.
> 
> We think "question of law" as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact. . . . We think [the drafters of Section 1292(b)] used "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the

> court should be enabled to do so without having to wait till the end of the case. . . . But to decide whether summary judgment was properly granted requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there[.]

*Ahrenholz*, 219 F.3d at 676-77. The court concluded by imploring judges to "remember that 'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted." *Id.* at 677.

On summary judgment, the Court found that under Wisconsin law, Plaintiff had raised issues of material fact on the scope issue. (Docket #157 at 25-32). Neither the parties nor the Court differed on *what* Wisconsin law is on the issue, namely that the Restatement factors controlled as interpreted by Wisconsin courts. *Id.* at 25-27. Rather, the parties disagreed on the *application* of those factors to the facts at hand, and cited various opinions from Wisconsin and this District doing the same. *Id.* at 27-29. On appeal, the Court of Appeals would address this issue *de novo*, reviewing the evidence presented to arrive at its own conclusion about the proper application of Wisconsin law to the facts. This scenario is precisely what *Ahrenholz* determined to be improper for certification.

Second, an appeal would not advance this litigation. This matter is set for trial on June 5, 2017. As the Court noted in a recent order, "[t]his matter is now almost three years old, and will be more than that by the time of trial. Further, the matter will have been assigned to this branch of the Court for ten months by the current trial date." (Docket #166 at 1). An appeal at this late stage would likely postpone the trial by no less than one year, grinding the case to a halt rather than prodding it along.

In sum, Defendants cannot show each of the four required elements for certification. An appeal at this juncture would serve only to delay an

already long-delayed resolution to this case. Defendants' complaints with the Court's summary judgment ruling must be raised after trial concludes in June of this year.

Accordingly,

**IT IS ORDERED** that the motion to amend and certify (Docket #163) of the defendants County of Milwaukee and David A. Clarke, Jr. be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge