IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| SHONDA MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14-CV-200 |
| | ) | |
| v. | ) | Hon. J.P. Stadtmueller |
| | ) | |
| COUNTY OF MILWAUKEE, DAVID A. CLARKE, JR., in his Official capacity, XAVIER D. THICKLEN, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF A MISSING WITNESS INSTRUCTION

NOW COMES Plaintiff SHONDA MARTIN, by and through her attorneys, LOEVY & LOEVY and THE SHELLOW GROUP, and respectfully submits this memorandum of law in support of a missing witness jury instruction:

Defendant Thicklen declined to attend this trial, choosing not to present his own testimony in defense of Plaintiff's claim against him. The "missing witness" rule provides that "when a party has it peculiarly within his power to produce witnesses whose testimony would" shed light on an issue in the case, "but chooses not to call them, an inference arises that the testimony, if produced, would be unfavorable." *Chicago Coll. of Osteopathic Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1353 (7th Cir. 1983). As the parties explained in their joint final pre-trial report, their efforts to locate Defendant Thicklen were unavailing, Doc. No. 223 at 1-2, and his own attorney and even his family members were unsure of where he was residing, Doc. No. 168 at 2. Accordingly, Defendant Thicklen alone had the ability to secure his own attendance

1

Case 2:14-cv-00200-JPS   Filed 06/06/17   Page 1 of 3   Document 255

and testimony at trial, and his failure to attend and present his own testimony in his defense meets the standard required to make the "missing witness" adverse inference available.

The Seventh Circuit Pattern Civil Jury Instructions contain a "missing witness" instruction, 1.19, which with some minor modifications would be appropriately given in this case. Accordingly, Plaintiff proposes the following instruction:

> Defendant Thicklen was mentioned at trial but did not testify. You may, but are not required to, assume that Defendant Thicklen's testimony would have been unfavorable to himself.

WHEREFORE Plaintiff respectfully requests that Plaintiff's proposed "missing witness" jury instruction be given.

RESPECTFULLY SUBMITTED:

 /s/ Sam Heppell
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
Scott Rauscher
Theresa Kleinhaus
Sam Heppell
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

Robin Shellow
THE SHELLOW LAW GROUP
324 West Vine Street
Milwaukee, Wisconsin 53212
(414) 263-4488

**CERTIFICATE OF SERVICE**

      I, Sam Heppell, an attorney, certify that on June 6, 2017, I filed the foregoing **Plaintiff's Memorandum Of Law In Support Of A Missing Witness Instruction** via the Court's CM/ECF electronic filing system and thereby served a copy of the same on all counsel of record.

      /s/ Sam Heppell