UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JANE DOE,

        Plaintiff,

v.

COUNTY OF MILWAUKEE,
DAVID A. CLARKE, JR., individually and in his
official capacity, XAVIER D. THICKLEN, and
JOHN AND JANE DOE, unknown Milwaukee County     Case No. 14-cv-200
Jail employees and Officers,

        Defendants.

v.

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION,

        Intervenor.

**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION'S BRIEF IN OPPOSITION TO COUNTY OF MILWAUKEE'S (1) MOTION TO VACATE ORDERS GRANTING FINAL JUDGMENT TO INTERVENOR; (2) MOTION FOR LEAVE TO FILE CROSS-CLAIM; AND (3) MOTION TO STAY POST-TRIAL PROCEEDINGS**

INTRODUCTION

Milwaukee County filed three Motions[1] that relate to and flow from coverage issues between Milwaukee County and Wisconsin County Mutual Insurance Corporation ("WCMIC") that have ripened as a result of the jury's verdict in this case. Milwaukee County's Motions will be moot if the Court grants Milwaukee County's post-verdict motion as it relates to the jury's verdict. If the jury's determination that Thicklen was acting within the scope of his employment does not withstand this Court's review, then the coverage dispute between WCMIC and

---

[1] WCMIC does not oppose Milwaukee County's Motion for Leave to File Instanter Additional Attorney Appearances (Dkt. No. 270) and has no objection to the Court executing the proposed Order attached thereto. (Dkt. No. 270-1.)

Milwaukee County is moot and therefore Milwaukee County's Motions are properly denied on that basis alone. For this reason, in the interest of judicial economy, the Court should first address Milwauke County's post-verdict motions related to the jury verdict.

If, however, the Court denies Milwaukee County's post-verdict motions, the Court should not allow Milwaukee County to untimely challenge decisions made by this Court that are final and non-appealable. There is no basis to allow pleadings to be amended or prior orders to be vacated after the case has been tried to a jury and is, at long last, near its end. The underlying premise for Milwaukee County's motions is the repeated assertion that Milwaukee County Corporation Counsel's Office was not aware of WCMIC's intervention or the Court's prior ruling on WCMIC's motion for summary judgment. However, the fact is that Milwaukee County Corporation Counsel's Office was aware in March of 2014 – at the start of this litigation - that WCMIC would be intervening in this case. It was or should have been aware that WCMIC moved for summary judgment on the coverage issues between WCMIC and Defendant Thicklen, and it was certainly aware of the Court's ruling on those coverage issues when Milwaukee County received the Court's decision on its own Motion for Summary Judgment. It was also aware through a reservation of rights letter issued by WCMIC to Milwaukee County in March of 2017 that there was some remote possibility that if the jury found, contrary to Milwaukee County's merits counsel's evaluation of the case, that Thicklen was acting within the scope of his employment, that there would be a coverage issue that would arise between Milwaukee County and WCMIC.

Now at the proverbial eleventh hour, Milwaukee County wants to undo the final judgment WCMIC obtained against Defendant Thicklen and presents its insurance coverage issues to this Court via a cross-claim filed after this case went to trial. Milwaukee County has utterly failed to establish that it is or would be prejudiced by that coverage dispute being addressed via a

2

declaratory judgment action between WCMIC and Milwaukee County, which action could be commenced at any time and would be resolved in state court applying Wisconsin insurance law.

Milwaukee County's characterizations and inflammatory accusations do not comport with the facts of this case. They do not comport with Wisconsin law, pursuant to which WCMIC was under no obligation to provide Milwaukee County with a reservation of rights letter, even though it did so in March of 2017. The mere notion that Milwaukee County went into the trial of this case with no knowlegde of the possibility that a verdict could give rise to a coverage dispute between WCMIC and Milwaukee County is baseless and contrary to the undiputsed facts of this case. For all of the reasons stated herein, Milwaukee County's Motions are properly dismissed.

## STATEMENT OF FACTS

The facts relevant to Milwaukee County's three motions include the entire record of this case. Relevant documents in the record will be cited by docket number. Additional facts relevant to the pending Motions are outlined in the Affidavit of David Bisek. Those facts will not be repeated, but are incorporated herein by reference.

## ARGUMENT

### I. THE COURT SHOULD DENY MILWAUKEE COUNTY'S MOTION TO VACATE ORDERS GRANTING FINAL JUDGMENT TO WCMIC.

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28—day deadline for filing a Rule 59(b) motion. Fed. R. Civ. P. 60(b)(1). Rule 60(b) also contains a catch-all provision, granting the court discretion to fashion a remedy for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In order to obtain relief under the fraud provision of Rule 60(b),

a movant must prove that: "(1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial." *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). A party seeking to set aside a judgment under FRCP 60(b)(3), "must prove fraud by clear and convincing evidence." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010).

Milwaukee County's Motion to Vacate does not set forth any facts or argument justifying relief under Rule 60(b). The fundamental premise underlying Milwaukee County's Motion is that the Court's Orders dated January 6, 2017 (Dkt. Nos. 160 and 161) prevent Milwaukee County from litigating its coverage dispute with WCMIC. That premise is fatally flawed. First, the Court's Order (Dkt. No. 160) simply granted WCMIC's Motion for Partial Final Judgment (Dkt. No. 158), and directed the Clerk to issue judgment in favor of WCMIC in accordance with the Court's December 1, 2016, Order. (Dkt. No. 157 at 36-37.) As noted in the Court's Order dated January 6, 2017, (Dkt. No. 160) on December 5, 2016, WCMIC moved the Court to issue partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). The Court received no response to that motion within the time allotted by the rules of procedure. Accordingly, based on the arguments made in connection with that motion and the lack of any parties' opposition, the Court found "no just reason for delaying entry of judgment in WCMIC's favor." (Dkt. No. 160.)

On that same date, January 6, 2017, the Clerk entered the Partial Final Judgment (Dkt. No. 161) pursuant to the Court's Order. (Dkt. No. 160.) The Partial Final Judgment reads in relevant part:

> **IT IS ORDERED AND ADJUDGED** that Intervenor Wisconsin County Mutual Insurance Corporation's motion for partial final judgment be and the same is hereby **GRANTED**;
>
> **IT IS FURTHER ORDERED AND ADJUDGED** that there is no insurance coverage available to Defendant Xavier D. Thicklen under the Public Entity

> Liability policy of insurance issued by Intervenor Wisconsin County Mutual Insurance Corporation to Milwaukee County for the actions of Defendant Xavier D. Thicklen as asserted by Plaintiff Jane Doe in this action;
>
> **IT IS FURTHER ORDERED AND ADJUDGED** that Intervenor Wisconsin County Mutual Insurance Corporation has no duty to defend or indemnify Defendant Xavier D. Thicklen for any of the claims asserted by Plaintiff Jane Doe against Defendant Xavier D. Thicklen in this action; and
>
> **IT IS FURTHER ORDERED AND ADJUDGED** that Intervenor Wisconsin County Mutual Insurance Corporation be and the same is hereby **DISMISSED** from this action.

(Dkt. No. 161.)

Milwaukee County fails to identify anything in the Court's Order dated January 6, 2017, or the Partial Final Judgment entered by the Clerk on January 6, 2017, that is adverse to Milwaukee County. In fact, the language of the Order and Partial Final Judgment make clear that they relate only to WCMIC's coverage dispute with Defendant Thicklen. Milwaukee County admits in its Motion to Vacate that WCMIC's intervention in this lawsuit was limited to "Thicklen coverage." (Dkt. No. 272 at 2.)

There is no basis to vacate the Court's Order and the Partial Final Judgment because those orders do not resolve the coverage dispute between Milwaukee County and WCMIC. As the Court is well aware, its decision on WCMIC's Motion for Summary Judgment addressed only WCMIC's duty to defend and/or indemnify Thicklen for the alleged sexual assaults claimed by Plaintiff in this case. The Court ruled that because Thicklen's alleged actions violated criminal law, the penal act exclusion in WCMIC's policy applies, and as a result the Court declared "there is no insurance coverage available to [Thicklen] under [the policy] issued by WCMIC to Milwaukee County for the actions of [Thicklen] as asserted by Plaintiff Jane Doe in this action." (Dkt. No. 157 at 36.) The Court also concluded that "WCMIC has no duty to defend or indemnify [Thicklen] for any of the claims asserted by Plaintiff Jane Doe against [Thicklen] in this action." (Id. at 36-37.) Thus,

the Court's decision on WCMIC's Motion for Summary Judgment, the Court's Order dated January 6, 2017, and the Partial Final Judgment entered by the Clerk all relate solely to the issue of whether WCMIC has a duty to defend or indemnify Thicklen for the claims asserted by Plaintiff against Thicklen in this matter.

WCMIC never raised any coverage issues between WCMIC and Milwaukee County in its intervention motion, and as a result this Court has never addressed those issues. That is because, as Milwaukee County admits, the coverage issue between WCMIC and Milwaukee County was not ripe unless and until the jury rendered a verdict against Thicklen and also found that he was acting with the scope of his employment with Milwaukee County when he engaged in the alleged assaults of Plaintiff. This coverage dispute does not implicate the Court's Orders and Partial Final Judgment in favor of WCMIC against Thicklen. Milwaukee County can still litigate its coverage dispute with WCMIC if that need arises.

More fundamental, however, is that Milwaukee County has failed to establish any of the required elements for its motion to vacate. As noted above, to obtain relief under the fraud provision of Rule 60(b), a movant must prove that (1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial." *Lonsdorf*, 47 F.3d at 897. As to the first element, Milwaukee County has not argued that the Court incorrectly applied the penal act exclusion to Defendant Thicklen's conduct. In order to prevail on its Motion to Vacate the Court's prior Orders, Milwaukee County is required to prove that it maintained a meritorious claim and that because of fraud on the part of WCMIC, it was prevented from fully and fairly presenting its case at trial. Milwaukee County has asked the Court to vacate Orders in favor of WCMIC and against Defendant Thicklen, but has not even bothered to argue (nor could it) that it has a good

faith argument that the penal act exclusion does not apply to preclude coverage for Defendant Thicklen for Plaintiff's claims in this case. Thus, Milwaukee County has failed to meet the first element of their motion.

Second, Milwaukee County has not produced any facts showing fraud, misrepresentation or misconduct by WCMIC. In fact, Milwaukee County's allegations of fraud are based on erroneous factual assertions supported by Milwaukee County's Corporation Counsel. As set forth in detail in the Affidavit of David Bisek, the premise underlying Milwaukee County's pending Motions relating to its coverage dispute with WCMIC are both factually and legally flawed. They are legally flawed because under Wisconsin law, an insurer is not obligated to provide a reservation of rights letter to its insured in order to maintain its coverage defenses. See *Maxwell v. Hartford Union High School Dist.*, 341 Wis. 2d 238, ¶ 2, 814 N.W.2d 484 (2012). They are factually flawed because of the failure by Milwaukee County to acknowledge that it was well aware of WCMIC's anticipated intervention in March of 2014, that it was aware of the Court's coverage ruling when it received the Court's decision on Milwaukee County's Motion for Summary Judgment, and that it was aware pursuant to the reservation of rights letter it received in March of 2017 of the possible coverage dispute that could arise as a result of the Court's ruling that the scope of employment issue would be submitted to the jury. All of these actions occurred well before trial. The only conclusion that can be drawn from the true facts of this case is that Milwaukee County's assertions of fraud and misrepresentation are inaccurate and do not support its Motion to Vacate.

Finally, Milwaukee County has not shown that it is prevented from fully and fairly presenting its arguments on the coverage dispute between WCMIC and Milwaukee County in a future declaratory judgment action due to WCMIC's alleged fraud or misrepresentation. Milwaukee County has offered no explanation for why WCMIC's alleged conduct has caused it

7
Case 2:14-cv-00200-JPS   Filed 08/16/17   Page 7 of 17   Document 282

to be unable to present its coverage dispute in a new lawsuit between Milwaukee County and WCMIC. That is because the coverage dispute between Milwaukee County and WCMIC was never presented to the Court for determination, and therefore Milwaukee County was not prevented from fully and fairly presenting its case for coverage at trial. *See Lonsdorf*, 47 F.3d at 897. Simply put, the coverage issue between Milwaukee County and WCMIC has not been resolved and therefore Milwaukee County could not be prevented from litigating that issue in the future.

Milwaukee County's fraud allegations require additional response. Again, the lynchpin of Milwaukee County's argument is that it did not have notice that WCMIC was presenting its coverage arguments against Thicklen in the case. As set forth in the Affidavit of David Bisek, that assertion is simply untrue. Milwaukee County through its Corporation Counsel's office was aware at the inception of this lawsuit that WCMIC was retaining counsel to represent WCMIC with respect to coverage issues involving Thicklen. That notice was sent to Milwaukee County in March of 2014. Furthermore, at the same time, WCMIC directed that independent defense counsel retained to represent Milwaukee County provide copies of all relevant pleadings and documents to Milwaukee County. Presumably, Milwaukee County's defense counsel advised Milwaukee County of WCMIC's Motion to Intervene, even though Milwaukee County had already been advised by WCMIC that it had retained coverage counsel to intervene on its behalf in the lawsuit. What's more, Milwaukee County was certainly aware by no later than December 1, 2016, the date of the Court's decision on the motions for summary judgment (Dkt. No. 157), that WCMIC had intervened, that it had file a Motion for Summary Judgment, and that the Court ruled in favor of WCMIC on the coverage issues at it relates to Defendant Thicklen.

These facts lead to one simple conclusion: Milwaukee County cannot credibly claim surprise that WCMIC was involved in this case and litigated its coverage dispute with Thicklen to conclusion. After all, this Court's summary judgment decision (Dkt. No. 157) addressed not only Milwaukee County's Motion for Summary Judgment but WCMIC's Motion for Summary Judgment as well. Thus, Milwaukee County was well aware that the Court had issued the declarations including that there is no insurance coverage available to Defendant Thicklen under the policy issued by WCMIC to Milwaukee County for Thicklen's actions as asserted by Plaintiff, and that WCMIC has no duty to defend or indemnify Thicklen for the claims asserted by Plaintiff against him. (Dkt. No. 157). If indeed Milwaukee County was surprised and unaware of WCMIC's intervention and coverage motion prior to this Court's ruling on December 1, 2016, it certainly became aware of those issues upon receipt of this Court's Order dated December 1, 2016 (Dkt. No. 157).

Yet Milwaukee County took no action at that time to claim or argue that it was entitled to be heard on WCMIC's coverage motion as it relates to its duty to defend or indemnify Thicklen. Instead, Milwaukee County waited and did nothing even after receiving WCMIC's reservation of rights letter in March of 2017, which letter reminded Milwaukee County of the Court's prior rulings and reserved rights with respect to a possible verdict on the scope of employment issue. It was only after this case was tried to a jury and a verdict was rendered that Milwaukee County moved this Court to vacate the judgment entered in favor of WCMIC and against Thicklen. If Milwaukee County wanted to argue that there was available insurance coverage for Defendant Thicklen for Plaintiff's claims based on the terms of the insurance policy, Milwaukee County had every opportunity to do just that. It had an opportunity to do that consistent with the Court's briefing schedule on WCMIC's Motion for Summary Judgment. Even assuming Milwaukee

County was unaware of WCMIC's Motion for Summary Judgment, it could have moved for leave to amend the Court's Order after receiving the Court's decision on the motions for summary judgment (Dkt. No 157)), which decision put Milwaukee County on notice of the coverage ruling against Thicklen.

Milwaukee County criticizes WCMIC and erroneously contends that WCMIC misrepresented to this Court in its Motion for Partial Judgment that there was "no just reason for delay" of entry of final judgment for WCMIC. Milwaukee County further complains that WCMIC "was not forthcoming" to this Court in its Intervening Complaint adjudicated "fewer than all the claims or rights and liabilities" of the parties. (See Daun Aff. at ¶ 20.) Neither of these representations is accurate. First, in WCMIC's Motion for Partial Final Judgment (Dkt. No. 158) WCMIC moved the Court to enter partial final judgment in favor of WCMIC for purposes of appeal of the Court's Order granting summary judgment and issuing declaratory judgment in favor of WCMIC, and certified that there was just reason for delay of entry of such judgment. Again, that judgment related solely to WCMIC's obligation to defend and indemnify Thicklen; that judgment did not relate at all to the coverage dispute between WCMIC and Milwaukee County, which dispute arose as a result of the jury's verdict in this case. Likewise, in its Intervening Complaint for Declaratory Judgment (Dkt. No. 27), WCMIC never once represented to the Court that its Motion to Intervene was going to adjudicate all of the claims or rights and liabilities of all parties. The relevant representations in WCMIC's Intervening Complaint for Declaratory Judgment were that WCMIC asserts that there is no insurance coverage available to Defendant Thicklen under the policy WCMIC issued to Milwaukee County for the claims asserted by Plaintiff in her Complaint against Thicklen (Id. at ¶ 7), and that the dispute "between WCMIC and Defendant Thicklen" creates an actual and justiciable controversy as to whether WCMIC's policy

of insurance issued to Milwaukee County provides insurance coverage to Defendant Thicklen for the allegations in Plaintiff's Complaint against him. (Id. at ¶ 9.)

Milwaukee County blames WCMIC because it does not agree with WCMIC's position that there is no coverage under WCMIC's policy issued to Milwaukee County for Milwaukee County's indemnification obligation to pay for the jury's verdict against Thicklen. But that is not a dispute the Court has resolved. The fact that WCMIC has no duty to defend or indemnify Thicklen is a separate issue as to whether WCMIC has an obligation to indemnify Milwaukee County under the terms of the insurance policy for Milwaukee County's indemnification obligation to Defendant Thicklen. Simply put, Milwaukee County's characterization of WCMIC's conduct in representations to the Court do not comport with the facts and record of this case.

Milwaukee County repeatedly argues that the "Corporation Counsel" was "completely unware of a potential coverage dispute" and was "completely unaware that coverage issues were not being addressed by counsel assigned by WCMIC to defend the County." (Dkt. No. 272 at p. 8.) If that assertion is correct, then the Corporation Counsel was not paying any attention to the pleadings and Court rulings in this matter. As set forth in detail in the Affidavit of David Bisek, however, even though WCMIC was not legally required to send Milwaukee County a reservation of rights letter, it did so. WCMIC sent a reservation of rights letter by email and U.S. mail to Milwaukee County's Risk Management Director Amy Pechacek on March 15, 2017. That reservation of rights letter outlined that pursuant to this Court's Order dated December 1, 2016, the Court granted WCMIC's Motion for Summary Judgment and declared that there is no insurance coverage available to Thicklen under the policy of insurance WCMIC issued to Milwaukee County for Thicklen's actions as alleged by Plaintiff in the lawsuit. The language of the reservation of rights could not be more clear. Thus, to the extent Milwaukee County did not

read the original assignment letter sent to Corporation Counsel's office in March of 2014, to the extent Milwaukee County was not informed by their independent counsel that WCMIC had intervened or filed a Motion for Summary Judgment, and to the extent Milwaukee County never read the portions of the Court's Order dated December 1, 2016, that granted WCMIC's Motion for Summary Judgment, Milwaukee County was clearly aware as of March 15, 2017, that WCMIC was reserving rights with respect to Plaintiff's indemnification claim against Milwaukee County. The fact that Milwaukee County's Risk Management Director apparently never provided a copy of the reservation of rights letter that she received both by email and U.S. mail to the Corporation Counsel's office does not diminish the fact that Milwaukee County through its designated agent for handling insurance coverage issues was well aware of WCMIC's reservation of rights as it relates to Plaintiff's indemnification claim against Milwaukee County. In fact, shortly after the verdict was rendered, Milwaukee County's Risk Management Director left a voice mail message to Mr. Bisek acknowledging her awareness of the reservation of rights letter.

Milwaukee County has premised its Motion to Vacate and its other contemporaneously filed Motions on the notion that it had no idea WCMIC was reserving rights with respect to Plaintiff's indemnification claim against the County. The facts of this case show otherwise. For all of these reasons, the Court should deny Milwaukee County's Motion to Vacate the Orders granting Final Judgment to WCMIC.

II. THE COURT SHOULD DENY MILWAUKEE COUNTY'S MOTION FOR LEAVE TO FILE CROSS-CLAIM AGAINST WCMIC.

Milwaukee County seeks leave to file a cross-claim against WCMIC pursuant to Federal Rule of Civil Procedure 13(g). Milwaukee County's Motion for Leave to file the cross-claim is governed by Federal Rule of Civil Procedure 15 which provides that a party may amend its pleadings only by leave of the Court and leave should be freely given when justice so requires.

Fed. R. Civ. P. 15(a). Milwaukee County contends that justice requires the Court to grant Milwaukee County leave to file a cross-claim after this matter was fully tried to a jury. The "justice" on which Milwaukee County bases its motion is the same alleged conduct by WCMIC that forms the basis for Milwaukee County's Motion to Vacate Order. As set forth in detail above and as well as in the Affidavit of David Bisek, Milwaukee County has inaccurately characterized WCMIC's actions in this case. WCMIC incorporates by reference its argument in opposition to Milwaukee County's Motion to Vacate Orders as well as the Affidavit of David Bisek.

Justice does not require the Court starting anew with cross claims being filed, a new scheduling order being issued, discovery being undertaken by the parties, dispositive motion practice and, if necessary, a trial. Justice requires finality to the decisions that were tried – not the decisions that were not tried. Justice required that Milwaukee County seek leave to file its cross claim against Milwaukee County before this case was tried to a verdict.

Moreover, Milwaukee County completely ignores that this Court's prior decisions in favor of WCMIC were adverse to Defendant Thicklen, not to Milwaukee County. The coverage dispute between WCMIC and Milwaukee County that ripen only after the jury's verdict can and should be litigated in a separate proceeding between WCMIC and Milwaukee County. Milwaukee County offers no explanation for why this Court needs to resolve that coverage dispute now, when this matter is near its end. In fact, as noted above, the coverage dispute will be rendered moot if the Court grants Milwaukee County's post-verdict motion and/or an appellate court reverses the verdict on the scope of employment issue, an outcome WCMIC believes is highly likely. There simply is no reason why this Court needs to address a coverage issue between WCMIC and Milwaukee County that only ripened as a result of the jury's verdict.

13
Case 2:14-cv-00200-JPS   Filed 08/16/17   Page 13 of 17   Document 282

Milwaukee County again complains that its Corporation Counsel's Office never received the reservation of rights letter. But as WCMIC has explained in detail above, Wisconsin law does not require a reservation of rights letter to be issued in order to preserve coverage defenses, and in any event such letter was sent to Milwaukee County to the assigned person who handles insurance coverage matters for Milwaukee County by email and U.S. mail in March of 2017. While Milwaukee County may have a different "understanding" of WCMIC's coverage obligations under its policy issued to Milwaukee County, WCMIC's position is and remains as outlined in the reservation of rights letter. That dispute will need to determined, if necessary, by some court but there is absolutely no reason Milwaukee County has given to support its position that this Court must address that coverage dispute now.

After all, this insurance coverage dispute at issue involves a policy issued by a Wisconsin insurer to a Wisconsin insured which dispute will be resolved by application of Wisconsin law to the facts of the case relevant to the dispute. Wisconsin courts have expertise in deciding coverage issues. Thus, the proper forum for resolving the coverage dispute that arose as a result of the jury's verdict in this case is not this Court, but if necessary a Wisconsin state court. Nothing prevents Milwaukee County from filing a lawsuit in state court seeking a declaratory judgment under the terms of the policy of insurance WCMIC issued to Milwaukee County. Milwaukee County has failed to offer any explanation whatsoever for why this Court should, at the proverbial eleventh hour, now address a coverage dispute, rather than have that dispute resolved at a later time by a Wisconsin court well versed in Wisconsin insurance law.

Finally, Milwaukee County alleges that WCMIC breached its duty to settle. As noted in the Affidavit of Bisek, Attorney Daun's factual characterizations of the settlement discussions are not accurate. WCMIC did make a counteroffer in response to Plaintiff's settlement offer made in

14
Case 2:14-cv-00200-JPS   Filed 08/16/17   Page 14 of 17   Document 282

March of 2017. While Milwaukee County claims it was not provided an "opportunity" to accept, reject or negotiate the offer, that assertion is also incorrect. Milwaukee County's Deputy Corporation Counsel Foley was aware of the settlement communications as well as WCMIC's counteroffer. If Milwaukee County had believed that Plaintiff's settlement offer should have been accepted and/or that WCMIC's counteroffer should have been higher, it had ample opportunity to advise WCMIC of its position. Milwaukee County was well aware pursuant to the reservation of rights letter that the Plaintiff's indemnification claim against Milwaukee County for Thicklen alleged actions exposed Milwaukee County to potential uninsured liability. It was aware of that through both the terms of the underlying policy of insurance, and also through the reservation of rights letter WCMIC sent to Milwaukee County. Milwaukee County had every opportunity to assert its views on settlement to WCMIC, but in fact never did so.

WCMIC negotiated in good faith in response to settlement offers based on the evaluation of the case provided to it by merits counsel for Milwaukee County. Milwaukee County received a copy of merits counsel's evaluation of the case as well as the settlement communications. If Milwaukee County disagreed with merits counsel's evaluation of the risks in the case, it could have and should have said so. Yet Milwaukee County stood silent, never disputing its own independent counsel's evaluation on the scope of employment issue. For Milwaukee County to now complain about that analysis despite having an opportunity to review and have input on it is disingenuous and self-serving.

The remaining assertions set forth in Milwaukee County's Leave to File Cross-Claim are factual assertions which are addressed in the Affidavit of Bisek, which Affidavit is incorporated herein and will not be repeated. For the foregoing reasons, the Court should deny Milwaukee County's Motion for Leave to File Cross-claim.

15

III. THE COURT SHOULD DENY MILWAUKEE COUNTY'S MOTION TO STAY POST TRIAL PROCEEDINGS.

Federal Rule of Civil Procedure 62(b) permits a court to stay the execution of a judgment or any proceedings to enforce it pending disposition of certain motions, including a motion under Rule 64 relief from a judgment or order. For the reasons set forth above, Milwaukee County's Motion to Vacate the Orders granting final judgment to WCMIC are appropriately denied. For these same reasons, it would be inappropriate for the Court to stay the execution of any judgment rendered by the Court as a result of the jury's verdict after the Court decides the pending post-verdict motions that relate to the jury verdict. There is simply no basis to stay post-trial proceedings when the Court should not vacate orders entered in this case. For these reasons, Milwaukee County's Motion to Stay Post-Trial Proceedings is properly denied.

## CONCLUSION

For the foregoing reasons, WCMIC respectfully requests the Court deny Milwaukee County's Motion to Vacate Orders Granting Final Judgment to Intervenor, deny Milwaukee County's Motion for Leave to File Cross-Claim, and deny Milwaukee County's Motion to Stay Post-Trial Proceedings

Dated this 16th day of August, 2017.

    Respectfully submitted,

    *s/ Lori M. Lubinsky*
    Lori M. Lubinsky, State Bar #1027575
    Attorney for Intervenor
      Wisconsin County Mutual Ins. Corporation
    AXLEY BRYNELSON, LLP
    Post Office Box 1767
    Madison, WI 53701-1767
    Telephone: (608) 257-5661
    Fax: (608) 257-5444
    E-mail: llubinsky@axley.com

F:\EAFDATA\2961\72080\02357733.DOCX