# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHONDA MARTIN,<br><br>                        Plaintiff,<br>v.<br><br>COUNTY OF MILWAUKEE, XAVIER D. THICKLEN, and JOHN/JANE DOE,<br><br>                       Defendants. | Case No. 14-CV-200-JPS<br><br>**ORDER** |

## 1.    INTRODUCTION

This matter was tried to a jury and a verdict was rendered on June 7, 2017. (Docket #259). The jury found in favor of Plaintiff and awarded her $6.7 million in damages. *Id.* A myriad of post-trial motions filed on behalf of Defendant County of Milwaukee (the "County") and its insurer followed. One, seeking judgment as a matter of law or a new trial pursuant Federal Rules of Civil Procedure ("FRCP") 50(b) and 59, was filed by its trial counsel. (Docket #275). The others, raising insurance coverage issues, were submitted by new counsel. (Docket #270, #271, #272, #273, #288). Each of the motions will be denied.[1]

---

[1] On June 4, 2017, the day before trial began, former defendant Sheriff David A. Clarke, Jr. ("Clarke") moved for removal from the caption of this case, arguing that his presence was duplicative of the County's. (Docket #249). The Court went beyond Defendants' request and dismissed Clarke from the case entirely. (Docket #264 at 5:3-7:16). The case has proceeded since then without any reference to Clarke. This order will now formally memorialize the Court's earlier ruling and dismiss Clarke from this action.

2.  ANALYSIS

    2.1  Insurance Dispute Motions

On July 26, 2017, the County filed a number of motions seeking to address its concerns with insurance coverage provided by Wisconsin County Mutual Insurance Corporation ("WCMIC"), a former intervenor in this matter, related to the claims asserted in this case. *Id.* The motions are lengthy but easily summarized. WCMIC has informed the County that it will not pay the jury's $6.7 million damage award. The County believes, for various reasons, that it should be afforded coverage. The County wishes to stay further proceedings on the substantive aspects of this case, namely any post-trial motions or appeals, until this insurance coverage dispute is resolved.

The Court must deny the County its requested relief. This case, now well past its third birthday, is about what happened to Plaintiff while she was in the custody of the Milwaukee County Jail. All of those issues have been decided either by the Court's prior rulings or by the jury trial held in early June. Now, more than a month after that trial, the County wishes to hijack this litigation to resolve its insurance coverage dispute. It attempts to start what is in essence an entirely new action against WCMIC, raising solely state-law causes of action. Indeed, the only basis for federal jurisdiction over the County's claims is supplemental jurisdiction under 28

---

A similar issue arises from the Doe defendants. Plaintiff "dismissed" them via a footnote in the final pretrial report. (Docket #223 at 2 n.1). This request for dismissal was never ruled upon. The Court now grants it.

Finally, on March 20, 2017, Plaintiff withdrew her request for class certification as to her shackling claim. (Docket #172). The Court will formally dismiss the class action portion of that claim.

U.S.C. § 1367(a) premised on *Plaintiff's* underlying claims. *See* (Docket 271-1 at 3, 18-30).[2]

As the County correctly notes, the question of whether to permit its proposed cross-claims is governed by FRCP 15(a)(2). *Tragarz v. Keene Corp.*, 980 F.2d 411, 431-32 (7th Cir. 1992). This Rule allows amendment of pleadings only "when justice so requires." Fed. R. Civ. P. 15(a)(2). Justice does not require the Court to permit the County leave to join its cross-claims, and it would in fact be offended if leave was granted. The prejudice to Plaintiff—having her case taken over (and put on hold indefinitely) to resolve a fight as to who must pay her—is undeniable. Little, if any, judicial economy would be served, as the subject of the cross-claim is almost entirely independent of the substantive motion practice which has already been completed.[3] This Court is no better equipped than any other to adjudicate the County's insurance quarrel.

---

[2]The County's claims are for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201. This statute does not provide an independent basis for federal court jurisdiction. *See Rueth v. U.S. E.P.A.*, 13 F.3d 227, 231 (7th Cir. 1993). Thus, declarations about an alleged breach of contract, breach of the duty of good faith and fair dealing, and equitable estoppel do not implicate the Court's subject-matter jurisdiction on their own. Further, the Court declines to exercise supplemental jurisdiction over the County's claims because they "substantially predominate[] over the claim or claims over which the district court has original jurisdiction[.]" 28 U.S.C. § 1367(c)(2). With final judgment entered on Plaintiff's underlying causes of action, the County's cross-claims would not simply predominate, but would be the *only* claims before the Court. This is not a proper exercise of supplemental jurisdiction.

[3]One of the County's primary reasons for this rash of motions is that it believes the Court's earlier judgment in favor of WCMIC, upon WCMIC's motion for summary judgment, should be vacated. *See* (Docket #272). The issue decided by the Court in WCMIC's motion is, in substance, largely separate from the claim presented by the County. WCMIC sought a determination that Defendant Xavier Thicklen's ("Thicklen") actions were criminal and thus were not covered under the "penal statute" policy exclusion. (Docket #157 at 32-36). The County now

Finally, the County's invocation of FRCP 13(g) is improper. Cross-claims are permitted under this Rule only when the cross-claim "arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). Neither of those criteria are satisfied here; the County's insurance dispute has nothing to do with whether Plaintiff was sexually assaulted by Thicklen or whether she was restrained to a hospital bed during childbirth. Without proper joinder under FRCP 13(g) (which in turn implicates the Court's supplemental jurisdiction), the County's claims must have an independent basis for

---

alleges that WCMIC is improperly using the Court's ruling to deny coverage. (Docket #271). Specifically,

> The penal code exclusion is not properly asserted against the County, as it is untimely and was not properly reserved. Significantly, even if the exclusion had been reserved, WCMIC's attempts to avoid coverage obligations by imputing the intentional conduct of one insured, [Thicklen], against another insured, the County, are expressly prohibited by WCMIC's policy. With regard to the penal code exclusion, WCMIC's Policy expressly provides: "any fact pertaining to any one insured shall not be imputed to any other insured for the purpose of determining the application of this exclusion." This Court has never been given the opportunity to consider the limitations expressly applicable to the penal code exclusion.

*Id.* at 2. The County admits, then, that the Court's earlier summary judgment opinion and resultant judgment has little bearing on whether WCMIC's coverage position is justified. (Docket #272 at 2) (as to the Thicklen coverage ruling, "WCMIC did not seek this Court's adjudication of WCMIC's coverage obligations to the County."). In other words, the Court's ruling on the WCMIC-Thicklen dispute in no way dictates the outcome of the putative WCMIC-County dispute. This is confirmed by the language of the judgment itself, which is directed only at Thicklen's coverage, not the County's. (Docket #161). Thus, there is no identity of fact or law between the underlying claims and the proposed cross-claim that would be of meaningful assistance to the Court or the parties.

federal subject-matter jurisdiction. *Am. Nat. Bank and Trust Co. of Chicago v. Bailey*, 750 F.2d 577, 581-82 (7th Cir. 1984). As explained above, they do not.

For all of these reasons, the County's motions for leave to file a cross-claim, (Docket #271), to vacate the Court's prior judgment in favor of WCMIC, (Docket #272), and to stay post-trial proceedings in this matter, (Docket #273), must be denied. Each motion will be denied without prejudice to the extent this ensures that the arguments therein are preserved for a potential state court action filed by the County. The Court will also deny the County's motions for leave to file attorney appearances because they are unnecessary. (Docket #270 and #288).[4] The Court does not involve itself in the parties' selection of counsel, and the County may have any lawyer it chooses enter an appearance on its behalf.

### 2.2 Motion for Judgment as a Matter of Law or a New Trial

The Court now turns to the County's post-trial motion made pursuant to FRCP 50(b) and 59. (Docket #275). The vast majority of the County's argument is directed at whether Xaiver Thicklen ("Thicklen") was acting within the scope of his employment when he assaulted Plaintiff. The Court ruled on summary judgment that the County was not entitled to judgment as a matter of law on this point, and the evidence adduced at trial was not materially different than that presented at the dispositive motion stage.[5] In essence, then, the County seeks reconsideration of the summary

---

[4]The Court will also grant the County's motion to file an oversized reply brief. (Docket #291).

[5]The County offers only one paragraph in its reply on whether the evidence at trial differed from that on summary judgment. (Docket #287 at 13-14). The thrust of this abbreviated argument is that Plaintiff failed to offer adequate evidence of Thicklen's intent to serve the County's interests when he assaulted her (a critical aspect of the scope issue). The County faults her for not attempting to rebut its

judgment decision. The Court has already provided to the parties all of the wisdom it can offer on this point. If the County desires a different outcome, it must seek it in the Court of Appeals. This is true not only for the County's request for judgment notwithstanding the verdict under FRCP 50(b), but also its claim of instructional error under FRCP 59. The jury instructions were crafted in accordance with the Court's view, consistent throughout this case, of the state of the law on the scope of employment issue. The County's FRCP 50(b) motion will be denied in its entirety, and the FRCP 59 motion will be denied as to the instructional issue.

The remainder of the County's FRCP 59 motion is directed at the jury's awards of $1.7 million in compensatory and $5 million in punitive damages. The County asserts that each award is excessive, but its arguments are half-hearted and merit little discussion. Compensatory damages awards that are "monstrously excessive" or which lack a rational connection to the evidence (the inquiries are one-and-the-same) cannot be allowed to stand. *Adams v. City of Chicago*, 798 F.3d 539, 543 (7th Cir. 2015).

---

evidence regarding Thicklen's training, his attempts to conceal his conduct from the County, and his resignation. *Id.* at 13. Finally, the County claims that the evidence of Thicklen's intent adduced at summary judgment was "offered in considerably more depth and detail at trial." *Id.*

This is, in fact, no different than what occurred at the dispositive motion stage. At summary judgment, Plaintiff largely admitted the truth of the County's intent evidence. However, her other evidence on the scope issue meant that the intent question was reserved to the jury. (Docket #157 at 31-32). In other words, the Court was required to draw an inference of Thicklen's intent in Plaintiff's favor in accordance with the standard of review. At trial, neither party was able to offer direct evidence of Thicklen's intent because he never appeared at the proceeding. Instead, the jury was free, but not required, to draw an inference of Thicklen's intent based on the evidence presented. It drew the inference in Plaintiff's favor. The evidence the jury reviewed was substantially similar to what the Court considered on summary judgment, regardless of any additional "depth and detail."

In determining the rationality of an award, "the district court must review the trial record as a whole in the light most favorable to the verdict. This perspective is essential, if we are to preserve the jury's role as the trier of fact." *Id.* The jury's compensatory damages award was not excessive in light of the evidence presented, much less monstrously so. Contrary to the County's arguments, Plaintiff suffered both physical and emotional injuries as a result of Thicklen's repeated sexual assaults.

The County's citations to similar cases with lesser awards misses the mark. *See* (Docket #276 at 24-27). All are district court opinions which supply only persuasive, not controlling, guidance. Further, each case was before the district court on a motion for default judgment. None of the opinions discussed any alleged excessiveness of a jury's compensatory damages award or involved actually altering such an award. The County has not provided the Court with any appellate authority, much less from the Seventh Circuit, finding that an award of compensatory damages was excessive in a case involving repeated sexual assaults. This Court will not be the first to so hold. The jury's compensatory damages award is not excessive as a matter of law.

Though the punitive damages analysis is different, the same result obtains. Punitive damages "serve the same purposes as criminal penalties[,]" and thus such damages must comport with due process. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003). When punitive damage awards are "grossly excessive," due process may be offended. *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 567 (7th Cir. 2006). The Supreme Court has announced three guideposts to help courts evaluate this concern. These are: "[1] the degree of reprehensibility of the defendant's conduct; [2] the disparity between the harm suffered by the

plaintiff and the punitive damages award; and [3] the difference between the award in this case and the penalties imposed in comparable cases." *Gracia v. SigmaTron Int'l, Inc.*, 842 F.3d 1010, 1023 (7th Cir. 2016) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574-75 (1996)).[6]

The first guidepost is the most important aspect of a punitive damages award. *E.E.O.C. v. Autozone*, 707 F.3d 824, 838 (7th Cir. 2013). To say that Thicklen's conduct was merely reprehensible is almost sickeningly generous. He repeatedly raped a young woman at varying stages of pregnancy, abusing the power he had over her in the most heinous manner possible, causing her physical and (lasting) mental injuries at a time when she was exceedingly vulnerable. As to the second guidepost, the Seventh Circuit has noted that "[t]he Supreme Court has repeatedly declined to set a fixed ratio to limit punitive damages based on constitutional grounds, but it has recognized that in practice, 'few awards exceeding a single-digit ratio between punitive and compensatory damages . . . will satisfy due process.'" *Id.* at 839 (quoting *State Farm*, 538 U.S. at 424-25). The ratio in this case is just 2.94:1. *See BMW of N. Am.*, 517 U.S. at 581-82 (citing with approval ratios of double, treble, and quadruple damages). The jury specifically noted the justification for its award of $5 million, stating on the verdict form that the award was "$1 million per incident [of sexual assault]." (Docket #259 at 2). And on the third factor, as with the compensatory damages discussion, the County again fails to cite Circuit precedent on punitive damages involving

---

[6]The parties' arguments seem to lose sight of the target of the punitive damages awards, which is Thicklen himself, not the County. The fact that the County must indemnify him for the punitive damages has nothing to do with their propriety.

sexual assaults. (Docket #276 at 28-29). The County's FRCP 59 motion directed at the damages awards must be denied.

3. **CONCLUSION**

The County has adequately preserved its assertions of error by this Court for appellate review. That is the only path remaining for the County to obtain its desired relief. Additionally, the County must take its insurance dispute to state court. With nothing further to address, the Court will direct that judgment by entered in Plaintiff's favor in accordance with the jury's verdict.

Accordingly,

**IT IS ORDERED** that Defendant County of Milwaukee's motions for leave to file attorney appearances (Docket #270 and #288), for leave to file a cross-claim (Docket #271), to vacate judgment in favor of former intervenor Wisconsin County Mutual Insurance Corporation (Docket #272), and to stay these proceedings (Docket #273) be and the same are hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendant County of Milwaukee's motion for leave to file an oversized reply brief (Docket #291) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant County of Milwaukee's motion for judgment as a matter of law or for a new trial (Docket #275) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Sheriff David A. Clarke, Jr. and John/Jane Doe be and the same are hereby **DISMISSED** as defendants in this action;

**IT IS FURTHER ORDERED** that Plaintiff's claim for a class action with respect to Defendant County of Milwaukee's restraint policy for

prisoners during their labor, delivery, and post-partum care (Docket #104 at 10-16) be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in accordance with the jury verdict of June 7, 2017 (Docket #259).

Dated at Milwaukee, Wisconsin, this 28th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge