IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHONDA MARTIN,               )
                                        )
       Plaintiff,           )
                                          )
       v.                )     No. 14-cv-200-JPS
                                          )
COUNTY OF MILWAUKEE,   )
and XAVIER D. THICKLEN,   )
                                          )
                                          )     JURY TRIAL DEMANDED
       Defendants.         )

**Motion for Entry of Judgment
on Plaintiff's Indemnification Claim**

Now comes Plaintiff, Shonda Martin, by and through her attorneys, Loevy & Loevy and

The Shellow Group, and moves the Court for an Order entering judgment in favor of Plaintiff

and against the County of Milwaukee on her indemnification claim in the amount of $6,700,000.

## <u>INTRODUCTION</u>

This Court recently entered judgment following the jury's verdict. However, that

judgment did not resolve all of Plaintiff's claims – still outstanding is Plaintiff's claim for

Indemnification against the County. Accordingly, Plaintiff seeks an Order entering Judgment in

Plaintiff's favor and against the County on her Indemnification claim.

In this suit, Plaintiff brought the following claims against Defendants: Count 1 (Sexual

Assault Due Process Claim); Count II (Shackling Due Process Claim); Count III (Failure to

Intervene); and Count IV (Indemnification). Dkt. No.104, First Amended Complaint at 15-18.

On September 28, 2017 the Court entered judgment on Count I against Defendant Xavier

1

Thicklen, and on Count II against Plaintiff.[1] That judgment did not dispose of one remaining claim: the Indemnification claim against the County.

## ARGUMENT

Judgment should be entered against the County on Plaintiff's Indemnification claim. The Indemnification claim proceeded to trial and the jury found that Defendant Xavier Thicklen acted within the scope of his employment. Dkt. No. 259 at 3 (Claim No. 2, "Indemnification Claim Against the County of Milwaukee"). Wisconsin's Indemnification statute requires public entities to pay any tort judgment for damages for which employees are liable within the scope of their employment activities. Wisc. Stat. §895.46. This includes judgments for compensatory and punitive damages. *See Bell v. City of Milwaukee,* 746 F.2d 1205, 1271 (7th Cir. 1984) *overruled on other grounds by Russ v. Watts,* 414 F.3d 783, 788 (7th Cir. 2005) ("The indemnity afforded governmental employees under Wis. Stat § 895.46 applies to all 'judgments', no distinctions being made for compensatory damages versus punitive damages.").

Now that Plaintiff has met her evidentiary burden to prove that Defendant Thicklen was acting within the scope of his employment, Plaintiff respectfully requests that the Court enter judgment against the County on the Indemnification claim pursuant to Federal Rules of Civil Procedure 12 (c) and 59 (e). A motion for judgment on the pleadings under Rule 12 (c) must be granted if there are no remaining material issues of fact to be resolved. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998). Here, the only fact at issue for the Indemnification claim is whether Defendant Thicklen was acting within the scope of his employment. The jury has resolved that issue. Dkt. No. 259 at 3. Accordingly, this Court should enter judgment against the County of Milwaukee on the Indemnification claim.

---

[1] Count III, Plaintiff's Failure to Intervene claim, was withdrawn in the Joint Proposed Final Pretrial Order. Dkt. No. 223 at n.1 (withdrawing claims against Unknown John and Jane Doe Defendants, the only Defendants for the Failure to Intervene claim).

2

Alternatively, the Court may alter or amend the partial judgment to include judgment on the Indemnification claim pursuant to Rule 59 (e). *Lorenzen v. Employees Ret. Plan of the Sperry & Hutchinson Co.*, 896 F.2d 228, 231 (7th Cir. 1990) ("In this circuit, *all* motions addressed to the judgment that are filed within ten days of the entry of judgment, except purely procedural motions, such as for extensions of time, and motions that kick off collateral proceedings such as a proceeding to obtain an award of costs or attorney's fees, are deemed to be Rule 59(e) motions.") (emphasis in the original) (citing *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir. 1986)). In the partial judgment, the Court "ordered and adjudged that defendant Xavier D. Thicklen was acting within the scope of his employment for defendant County of Milwaukee when he violated plaintiff Shonda Martin's constitutional rights." Dkt. No. 295 at 2. Given that Defendant Thicklen was acting within the scope of his employment, the legal consequence is that the County of Milwaukee is liable to Plaintiff on her Indemnification claim, and judgment should issue accordingly. Wisc. Stat. §895.46. Thus, Plaintiff respectfully requests that this Court amend that portion of the partial judgment to enter judgment against Milwaukee County on the indemnification claim in the amount of $6,700,000, thereby disposing of all of Plaintiff's claims.

WHEREFORE, Plaintiff respectfully seeks an Order entering judgment in favor of Plaintiff and against the County of Milwaukee on the Indemnification claim in the amount of $6,700,000, or any other relief this Court deems just.

Respectfully submitted,

/s/ Theresa Kleinhaus
*One of the Attorneys for Plaintiff*

Jon Loevy
Russell Ainsworth
Theresa Kleinhaus
Sam Heppell

3

LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

Robin Shellow
324 West Vine Street
Milwaukee, Wisconsin 53212
(414) 263-4488

## CERTIFICATE OF SERVICE

I, Theresa Kleinhaus, an attorney, certify that on September 29, 2017 I caused the foregoing **Motion for Entry of Judgment on Plaintiff's Indemnification Claim** to be filed via the Court's CM/ECF electronic filing system, which effected service on all counsel of record.

/s/ Theresa Kleinhaus

4