# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHONDA MARTIN,

               Plaintiff,

v.

COUNTY OF MILWAUKEE and
XAVIER D. THICKLEN,

               Defendants.

Case No. 14-CV-200-JPS

**ORDER**

      Defendant County of Milwaukee's (the "County") first motion for a new trial was denied on September 28, 2017. (Docket #294). The Court issued a judgment on the jury's verdict that same day. (Docket #304). Two weeks later, the County filed a second motion for a new trial. (Docket #299). On October 25, 2017, the County filed a notice of appeal from the Court's September 28 judgment. (Docket #306). Generally, the filing of a notice of appeal deprives a district court of jurisdiction to take further action in the subject case. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir. 1986). However, when a timely motion for new trial is interposed prior to filing a notice of appeal, the district court retains jurisdiction to decide the motion. *Brown v. Pierson*, 12 F. App'x 398, 402 (7th Cir. 2001). In any event, the Court of Appeals indicates that it is waiting for the instant order. *Shonda Martin v. Milwaukee County*, No. 17-3216 (7th Cir.) (Docket #12). The Court will address the second motion for new trial, as well as all other pending post-trial motions.

      The County claims that it has obtained new evidence warranting relief from the Court's judgment pursuant to Federal Rules of Civil

Procedure ("FRCP") 59(a), 60(b)(2), and 60(b)(3). FRCP 59(a) provides, rather unhelpfully, that a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Seventh Circuit explains that a new trial may be ordered pursuant to FRCP 59(a) only when "the jury's verdict is against the manifest weight of the evidence, . . . or if for other reasons the trial was not fair to the moving party." *Willis v. Lepine*, 687 F.3d 826, 836 (7th Cir. 2012) (quotation omitted). FRCP 60(b) permits a party to seek relief from a judgment on various grounds, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," *Id.* 60(b)(2), and "fraud . . ., misrepresentation, or misconduct by an opposing party," *Id.* 60(b)(3). Relief under FRCP 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (quotation omitted).

The County's motion is based on an affidavit provided by Ivan Boyd ("Boyd"). (Docket #300). Boyd is the father of one of Plaintiff's children—the one born in October 2013 while she was in the County's custody. *See* (Docket #189 at 2). He was incarcerated with Plaintiff in the Milwaukee County Jail (the "Jail") during most of the events underlying this case. Boyd says that he and Plaintiff conspired to frame Defendant Xavier Thicklen ("Thicklen") for sexually assaulting Plaintiff. The conspiracy was carried out by speaking through air vents from adjacent cells, passing notes through Jail guards, having Boyd subtly encourage private meetings between Thicklen and Plaintiff, ostensibly to provide her food, and having a third party pay Thicklen for his help. Boyd maintains that Thicklen never

sexually assaulted Plaintiff, directly contradicting Plaintiff's testimony at trial.

Plaintiff points to several problems with Boyd's account. The notes have been lost, the guards allegedly never read the notes they passed (and for some unexplained reason agreed to pass the notes in the first place), and the person who allegedly provided payment to Thicklen is deceased. The only support for Boyd's story, other than his sworn word, is that he was indeed housed in a cell next to Plaintiff at the Jail, and the date she reported Thicklen's sexual assaults matches the date Boyd claims to have told her to do so.

Boyd's testimony does not warrant a new trial or relief from the judgment based on any of rules cited by the County. The Court will address each in turn, but it must first make a preliminary observation. Boyd's testimony is utterly lacking in credibility. It has almost no corroboration despite various potential avenues for support—the notes, testimony from the guards, or the now-deceased payment courier. Boyd's tale is also contrary to what was uncovered in the criminal investigation into Thicklen's conduct. The County's investigator knew that Boyd claimed to have information which would exonerate Thicklen. (Docket #313-1). However, upon reviewing letters exchanged between Boyd and Martin, and various prison telephone call recordings, the investigator did not waver in his belief that Plaintiff's allegations were credible and that Thicklen had raped her. (Docket #313-2). Further, Thicklen himself had every incentive to investigate Boyd's claims and expose Boyd's "truth," but nothing of the sort was raised in his criminal prosecution or this civil action against him.

Most importantly, however, Boyd's sudden reappearance in the Thicklen saga carries with it every appearance of nothing short of a thinly-veiled extortion scheme. He demanded money from the County prior to discussing his story, (Docket #301-6), and from Plaintiff prior to signing his affidavit (prepared by the County's counsel), (Docket #313-6). The fact that Boyd ultimately provided his current testimony without payment does little to rehabilitate him. In light of the gaping holes in Boyd's tale and the manner in which his testimony was obtained, no reasonable jury would ever believe him. The probability that his testimony would lead to a different outcome at a new trial is exceedingly low. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999) (one consideration in addressing newly discovered evidence is whether "a new trial would probably produce a new result"). Boyd's testimony does not lead the Court to believe that the trial was unfair to the County or that the County is entitled to the extraordinary relief afforded by FRCP 60(b).[1]

Beyond this overarching consideration, the County's motion is not viable under any of the cited rules. To obtain a new trial pursuant to FRCP 60(b)(2), the movant must prove five things:

1. The evidence was discovered following trial;
2. Due diligence on the part of the movant to discover the new evidence is shown or may be inferred;
3. The evidence is not merely cumulative or impeaching;
4. The evidence is material; and

---

[1] In her response to the County's motion, Plaintiff asserts that the Court can deny the motion based on the implausibility of Boyd's testimony. (Docket #313 at 15-18). She does not explain how this fits into an evaluation of FRCP 59 or 60. *Id.* The County's reply addresses the argument but similarly fails to position it within the rules cited. (Docket #316 at 10-11). Nevertheless, the Court believes that Boyd's credibility is properly considered as part of a general application of the FRCP 59(a) and 60(b) standards.

> 5. The evidence is such that a new trial would probably produce a new result.

*Sarkes Tarzian, Inc. v. U.S. Trust Co. of Fla. Sav. Bank*, 168 F. App'x 108, 111 (7th Cir. 2006). As noted above, the County cannot establish the fifth element. Further, it failed to prove the second. The County admits that it did not use the discovery process in this case to obtain either testimonial or documentary evidence from Boyd.

The County nevertheless claims it exercised due diligence by relying on the Thicklen criminal investigation, which did not reveal the precise contours of Boyd's testimony as clearly as his recent affidavit. The County's reliance is misplaced. It knew that Boyd might have information relevant to this action (and in fact identified him as a potential witness), yet it chose not to depose him. A deposition would either have disclosed Boyd's current testimony, assuming it is indeed truthful, or it would have confirmed that he had nothing meaningful to say about Plaintiff's allegations, thus foreclosing the instant motion. Either way, the County cannot assert its diligence when it left the matter of Boyd's testimony unresolved.

To merit FRCP 60(b)(3) relief, a party must prove by clear and convincing evidence that "(1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial." *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). The parties hotly dispute whether Boyd's testimony renders Plaintiff's trial testimony fraudulent. The Court need not wade into this fray because the County fails to even suggest that the absence of Boyd's testimony at trial was "because of" Plaintiff's allegedly false testimony. *Id.* This causation requirement cannot be cast aside, despite the County's attempt to do so.

*Venson v. Altamirano*, 749 F.3d 641, 651 (7th Cir. 2014) ("The party seeking relief pursuant to Rule 60(b)(3) must show that he had a meritorious claim that he could not fully and fairly present at trial *due to* his opponent's fraud, misrepresentation, or misconduct.") (emphasis added); *Wickens*, 620 F.3d at 758-59 ("To obtain relief under Rule 60(b)(3), a party must show that she has a meritorious claim that she was prevented from fully and fairly presenting at trial a*s a result of* the adverse party's fraud, misrepresentation, or misconduct.") (emphasis added) (quotation omitted). The County admits that it was Boyd alone who decided to keep his story secret until after the trial. (Docket #302 at 11-12). Boyd's choice cannot be laid at Plaintiff's feet.

In sum, the County has not shown that it is entitled to the extraordinary relief that is the granting of a new trial.[2] The Court will, therefore, deny the County's second motion for a new trial. The Court turns to the other pending post-trial motions. Plaintiff filed a motion for attorney's fees on October 12, 2017. (Docket #305). While the Court appreciates the parties' efforts in briefing that issue, it is premature. Depending on the resolution of the pending appeal, Plaintiff may be entitled to additional fees or no fees at all. The Court will deny her motion without prejudice.[3] On October 5, 2017, Movant Judge, Lang & Katers LLC

---

[2]The Court has not separately discussed FRCP 59(a) because the County chose not to. It combined its plea for FRCP 59(a) relief with its arguments relating to FRCP 60(b)(2) and (3). (Docket #302 at 6-7, 12-13). The County did not make a separate claim that Boyd's testimony rendered the jury's verdict against the manifest weight of the evidence. The Court need not conduct such an analysis of its own accord. *Willis*, 687 F.3d at 836.

[3]The Court will further deny without prejudice a motion by the County to supplement its submissions on the fee issue. (Docket #318).

("JLK") filed a motion to intervene in this matter. (Docket #298). JLK seeks to intervene pursuant to FRCP 24 to protect its right to a portion of any fee award in Plaintiff's favor. JLK's motion is procedurally defective, in that it does not attach a pleading setting forth its intervention claim. Fed. R. Civ. P. 24(c); *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 594-96 (7th Cir. 1993). Further, there is no reason to consider intervention unless and until liability is finally resolved in Plaintiff's favor. JLK's motion will likewise be denied without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant County of Milwaukee's second motion for a new trial (Docket #299) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorney's fees (Docket #305) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendant County of Milwaukee's motion to supplement the record (Docket #318) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Movant Judge, Lang & Katers LLC's motion to intervene (Docket #298) be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge