IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| SHONDA MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14-CV-200 |
| | ) | |
| v. | ) | Hon. J.P. Stadtmueller |
| | ) | |
| COUNTY OF MILWAUKEE and | ) | |
| XAVIER D.THICKLEN | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
COUNTY OF MILWAUKEE'S MOTION TO STAY EXECUTION
<u>OF THE JUDGMENT AND WAIVE SUPERSEDEAS BOND</u>**

1

Plaintiff Shonda Martin, by and through her attorneys, Loevy & Loevy and The Shellow Group, responds in opposition to the County of Milwaukee's Motion to Stay Execution of the Judgment and Waive Supersedeas Bond. In support she states as follows:

The County, like every losing defendant, does not want to post bond on appeal. In so doing, the County wishes to foist the uncertainty about collecting the jury award on Ms. Martin.

The problem is that the County is hotly disputing its liability for the judgment even if the award is upheld. Because the County and its insurer are bitterly divided about who is responsible for the judgment (and have taken no steps to resolve that dispute), Plaintiff faces the very real risk that she will win her appeal only to have to initiate a collection action to recover her award.

Fortunately, the Federal Rules of Procedure proscribe a procedure to avoid the risk imposed on Plaintiff by Defendant's appeal. Rule 62(d) requires the County to post a bond where there remains a risk that Plaintiff will not be promptly paid upon resolution of the appeal. Because the County has not demonstrated extraordinary circumstances to justify departure from that Rule, the County must post a bond for the $6.7 million judgment.

**I. Legal Standard**

**A. Rule 62 Was Designed to Protect Plaintiffs from Having to Fight to Collect Judgments After Defendants Unsuccessfully Appeal.**

The Federal Rules of Civil Procedure weighs a judgment debtor's right to an appeal against the risk that appeal imposes on the judgment creditor. In order to balance these interests, the Rules require that a judgment debtor post a supercedeas bond in order to stay that judgment on appeal. *See* Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond … . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."). The rationale for the requirement of a full supersedeas bond is simple and compelling:

2

"a plaintiff who won in the trial court should not be put to the expense of defending [its] judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed." *Lightfoot v. Walker*, 797 F.2d 505, 506-07 (7th Cir. 1986). In other words, a supercedeas bond provides a form of securitization, which, in effect, reduces the uncertainty and risk (and thereby cost) of delayed enforcement during an unsuccessful appeal by the opposing party. In *Carbon County*, for example, the Seventh Circuit remarked that "the reason for an appeal bond is to give the plaintiff security while execution is postponed." *No. Indiana Pub. Serv. Co. v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986); *Olympia Equipment Leasing co. v. Western Union Telegraph Co.*, 786 F.2d 794, 800 (7th Cir. 1986) ("The function of a supercedeas bond is to protect the judgment creditor's position from erosion during any period that its right to execute is obstructed by a stay pending appeal. In other words, by providing a form of securitization for the money judgment, the cost of delayed payment through the process of an appeal is reduced."). Likewise, the Fifth Circuit has explained that "the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal."*Poplar Grove Planting & Refining Co., Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)   Other courts have acknowledged Rule 62(d)'s important function. *See, e.g., Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002) ("The bond requirement is intended to protect the interest of the creditor's right under judgment during the pendency of the appeal.").

The bond requirement embodied in Rule 62(d) is "an important safeguard" and there is a "strong preference" for bonds in the Seventh Circuit. *Olympia Equipment*, 786 F.2d at 800. The plain language of the rule requires that the judgment debtor provide a full supersedeas bond. Any waiver of that requirement—even for a partial bond rather than a full bond—is only justifiable in

3

extraordinary circumstances. *Poplar Grove*, 600 F.2d at 1190 (failure to require the full supersedeas bond is a departure from the "usual requirement."); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) ("a full supercedeas bond should be the requirement in normal circumstances"); *U. S. on Behalf of Small Bus. Admin. v. Kurtz*, 528 F. Supp. 1113, 1114 (E.D. Pa. 1981) (The Rule "plainly dictates that in the ordinary case execution on a judgment for money should not be stayed unless the party that prevailed in the district court is secured from loss"); *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 1992 WL 114953 at *1–*2 (E.D.Pa.) ("The power of the court to waive the supersedeas bond requirement is exercised only in 'extraordinary circumstances,' and only where alternative means of securing the judgment creditor's interest are available"). Thus, in order to obtain a stay in the absence of a bond, the defendant must demonstrate extraordinary circumstances justifying such relief.

In addition, a party who wishes to stay execution of the judgment and avoid posting a full supersedeas bond, must first demonstrate objectively that posting a full bond is impossible or impractical and propose a plan that will provide adequate security for the appellee. *Poplar Grove*, 600 F.2d at 1190*; Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 932 F. Supp. 1147, 1150 (S.D. Ind. 1996) ("Having determined that it would be impossible for Hawk to post a full bond, we are now faced with two alternatives: we must either allow Hawk to post some form of alternate security, or deny the stay and allow Endress + Hauser to execute its judgment by seizing and selling Hawk's assets.).

**B**. **Courts Consider Several Non-Exclusive Factors When Deciding Whether to Require a Bond.**

It is within a district court's discretion to determine whether to grant a stay of execution of judgment and, if it does so, whether and how to secure the judgment. *Dillon v. City of Chi.,* 866 F.2d 902, 904 (7th Cir.1988). In determining whether to waive the bond requirement,

the court may consider several factors, including: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Id.* at 904-05.

Under Federal Rule of Civil Procedure 62(f), if the judgment is a lien on the judgment debtor's property then the judgment debtor may obtain a stay of execution of the judgment if the forum state would allow such a lien. Pursuant to Wisconsin law, courts may consider whether a bond has been posted when deciding whether to grant a stay. WIS. STAT. § 808.07(2)(b) (2017); *Scullion v. Wisconsin Power & Light Co.*, 2000 WI App 120, ¶ 16, 237 Wis. 2d 498, 518–19, 614 N.W.2d 565, 575. In determining whether to stay money judgment pending appeal, Wisconsin law allows a court to consider (1) likelihood of defendant's success on appeal; (2) the need to ensure collectibility of judgment and accumulated interest if the defendant does not succeed on appeal; and (3) interests of defendant in securing fruits of appeal if it is ultimately successful; 4) harm to plaintiff if delay in execution of judgment may cause harm that cannot be remedied by later collection of judgment plus interest, and 5) interest of public, in those cases in which it may be relevant to money judgment. *Scullion,* at ¶18-23. The court may also consider other relevant factors *Id.* at ¶23. Under Wisconsin law, courts must weigh the strength of these relative factors—"it is not a matter of one party 'prevailing' on more factors than the other party but on the relative and competing weight [that the court] accords to each relevant factor based on the record before it." *Id.* at ¶25.

**II. Argument**

**A. Defendants Have Not Demonstrated Any Extraordinary Circumstances Justifying Departure From the General Rule Requiring Full Supersedeas Bonds.**

Waiver of the bond requirement under Rule 62(d) is not proper absent extraordinary circumstances. *Poplar Grove*, 600 F.2d at 1190; *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d at 760; *U. S. on Behalf of Small Bus. Admin. v. Kurtz*, 528 F. Supp. at 1114; *Grand Entertainment Group, Ltd.*, 1992 WL 114953 at *1–*2. Defendant Milwaukee County's motion is devoid of any unusual circumstances—let alone extraordinary circumstances—which would justify waiver of the bond requirement in this case. Because there is nothing extraordinary about a litigant appealing an unfavorable judgment, Milwaukee County has not demonstrated that waiver of the bond requirement is appropriate and the motion should be denied.

**B. The County of Milwaukee Has Not Demonstrated that the *Dillon* Factors Favor Waiver.**

The *Dillon* factors do not indicate that a waiver of the bond requirement is warranted here. The first *Dillon* factor alone—the complexity of the collection process—demonstrates that waiver of the bond requirement is inappropriate here. The County is in a vigorous coverage dispute with its insurer, Wisconsin Mutual Insurance Corporation (WMIC). *See, e.g.,* Dkt. Nos. 273, 282, 292. This Court declined to exercise jurisdiction over that dispute. Dkt. No. 294. The current status of that dispute is unclear. Plaintiff is unaware of any state court coverage action. There is no expectation that any coverage action will be resolved prior to the conclusion of the appeal in this case. Plaintiff, therefore, faces the very real prospect of winning her appeal but still having to initiate a collections action in order to satisfy her judgment. That is exactly why the Rules require a bond in exchange of staying enforcement of the judgment during an appeal.

In light of the County's uncertainty about who is responsible to satisfy the judgment, the County's vague assurance that Plaintiff will recover her judgment rings hollow. Plaintiff should

not have to bear the risk of winning an appeal but having to initiate further action to obtain the judgment granted her by the jury. The County makes no effort in its motion to explain how Plaintiff will collect her judgment if she prevails again on appeal and the coverage dispute is ongoing. Dtk. No 321 at 4-5 (describing how the judgment would be paid if there is or is not coverage, but providing no explanation for what will occur if the coverage dispute is ongoing at the time that the judgment is due). Perhaps Plaintiff would have to intervene in the state court coverage dispute, or file a collection action, simply wait out the coverage dispute—including any attendant appeals up through the Wisconsin Supreme Court, or some other frustrating fate characterized by delay. This is precisely the uncertainty and burdensome collection process that Rule 62(d) was intended to obviate. *Lightfoot*, 797 F.2d at 506-07 (absent genuine assurances that payment would be unconditional, prompt, and without complication, courts are unwilling to waive the bond requirement); *Preston v. Thompson*, 565 F. Supp. 310, 317-18 (N.D. Ill. 1983) ("Even assuming the procedure outlined by the state worked without any substantial hitches, it was likely that plaintiffs would be required to wait a not insubstantial period before collecting their judgment. . ."). Plaintiff filed her case in 2014 based on events which occurred in 2013. She should not be expected to wait for years while the County and its insurer litigate to the hilt in Wisconsin state courts. The coverage issue will make collection extremely burdensome for Plaintiff and for that reason alone the Court should deny the County's motion.

    The second *Dillon* factor—the amount of time required to obtain a judgment after it is affirmed on appeal—likewise favors a bond. As explained above, if the coverage dispute exists after appeal then collection will be complex as well as lengthy.

    Defendants focus on the third and fourth *Dillon* factors, which concern the County's financial ability to pay the judgment. But this emphasis is misplaced. Merely being solvent or

7

even wealthy is not an extraordinary circumstance warranting waiver of the bond requirement, especially as here, when collection of the judgment will likely prove cumbersome[1]. *Lightfoot*, 797 F.2d at 506 (the state of Illinois's robust financial health was of no moment when the collection process for victorious civil rights plaintiffs was "cumbersome and time-consuming"); *Gary A. v. New Trier High Sch. Dist. 203*, No. 83 C 3420, 1985 WL 4876, at *3 (N.D. Ill. Dec. 11, 1985) ("The fact that the state is a solvent entity is not, standing alone, a special circumstance justifying waiver of the bond requirement."); *Sorrano v. New York Life Ins. Co.*, No. 96 C 7882, 2006 WL 1005902, at *2 (N.D. Ill. Apr. 13, 2006) ("There is no question that NYL's current financial statements reflect billions of dollars in assets. As the newspaper regularly reminds us, however, even Fortune 500 companies can engage in questionable accounting practices, be forced to restate their financials and declare bankruptcy. Given the prevailing business climate, a copy of NYL's financial statements and a promise that it is "good for" any judgment is not enough to secure waiver of the bond."); *Roulo v. Russ Berrie & Co.,* No. 82 C 2668, 1988 WL 72306, at *1 (N.D.Ill. July 5, 1988) (denying "profitable corporation['s]" motion to waive bond because "A declaration that the corporation is solvent now and will continue to be in the future simply is not sufficient to justify a waiver of the bond requirement."); *Tate & Lyle Americas LLC v. Glatt Air Techniques Inc.*, No. 13-2037, 2016 WL 9710008, at *1 (C.D. Ill. Aug. 24, 2016) ("Even though GAT is likely able to pay the judgment, the bond is no "waste of money" under these circumstances."). The County's mere "say-so" that it is able to pay the judgment is not enough under Rule 62 and the motion should be denied.

---

[1] Nor does the County's current financial state necessarily mean that it will remain in good financial health. Just as Fortune 500 companies have suddenly gone under in this economy, so too have municipalities declared bankruptcy, including well-populated cities and counties, including Detroit, Michigan (2013), Oakland, California (2009), Atlantic City, New Jersey (2012), Cleveland, Ohio (1978), Harrisburg, Pennsylvania (2011), Jefferson County, Alabama (the most populous county in the state) (2008), and Bridgeport, Connecticut (1991).

The above is reinforced by the fifth *Dillon* factor. The County's financial situation is such that it can post a bond without undue prejudice to its budget. Thus, it is fair to put the cost of the uncertainty that the judgment will be promptly satisfied on the County; indeed, the uncertainty is simply the result of the County's appeal. That cost should be born by the County, not Plaintiff. Plaintiff is open to another mechanism other than a bond to ensure prompt payment, but the County has not offered any. *See Poplar Grove*, 600 F.2d at 1190*; Endress + Hauser, Inc.*, 932 F. Supp. at 1150. Accordingly, the County should comply with Rule 62(d).

**C. The County Has Not Demonstrated that the *Scullion* Factors Favor Waiver.**

Wisconsin law also does not favor a stay of execution of judgment in the absence of a bond. The first *Scullion* factor—likelihood of success on the merits on appeal—does not favor the County. Because this Court has addressed the scope of employment issue at summary judgment, in jury instructions, and in post-trial motions, Plaintiff will not belabor the argument here. But suffice it to say that Wisconsin law allows the scope of employment question to go to the jury, including in sexual assault cases, as it did here, and the jury found in Plaintiff's favor. No Seventh Circuit or Wisconsin case law places sexual assault outside the scope of employment as a matter of law. Accordingly, there is no reason to conclude that the County has such a strong position on appeal that Plaintiff should bear the risk of delayed payment upon resolution of the appeal.

The second *Scullion* factor—the collectability of judgment and interest—also favors Plaintiff for the reasons explained in section II.B *supra*.

The third *Scullion* factor—retrieving the bond if the County is successful on appeal—is not a concern here. Plaintiff is not requesting that the County satisfy the judgment outright (which would require the County to retrieve the funds from Plaintiff if the County is successful on appeal). Rather, Plaintiff is simply requesting that the County post a full bond to protect

9

Plaintiff's interest during the appeal. There is no danger that the bond will not be redeemable should the County succeed in the Seventh Circuit.

The fourth *Scullion* factor—whether a delay will harm Plaintiff—also indicates that a full supersedeas bond is warranted. The County argues that Plaintiff would suffer only "modest" harm if the Court grants a stay because she has no pending medical expenses and is incarcerated. Dkt. No. 321 at 7. The County is wrong. Plaintiff resides in Mississippi raising her two young children and works a minimum wage job as a housekeeper. Of course, execution of the judgment would have life-changing consequences for her, but even posting a full supersedeas bond would be extremely beneficial to her and her family. Denying Plaintiff any security for her judgment for years while an appeal and coverage dispute drag on undoubtedly harms her.

The fifth *Scullion* factor—the public interest—also favors a bond. Ensuring that there are sufficient funds to satisfy a civil rights verdict serves the public interest. Indeed, in this case the jury awarded $5 million in punitive damages presumably in order to send a message to correctional officers not to rape inmates. The desire to send a message with a high damages verdict can only be vindicated if Plaintiff is actually able to collect her judgment.

*   *   *   *   *

## Conclusion

Defendant County of Milwaukee has not demonstrated that any extraordinary circumstances warrant waiver of Rule 62 (d)'s bond requirement. The *Dillon* and *Scullion* factors—particularly the factors concerning Plaintiff's ability to collect the judgment given the coverage dispute—strongly favor enforcement of the bond requirement. Accordingly, the County's motion should be denied and the Court should order a full supersedeas bond.

RESPECTFULLY SUBMITTED,
/s/ Theresa Kleinhaus
One of Attorneys for Plaintiff

Russell Ainsworth
Scott Rauscher
Theresa Kleinhaus
Sam Heppell
LOEVY & LOEVY
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
(312) 243-5900

Robin Shellow
324 West Vine Street
Milwaukee, WI 53212
(414) 263-4488

## CERTIFICATE OF SERVICE

I, Theresa Kleinhaus, an attorney, certify that on January 5, 2018 I filed the foregoing **Plaintiff's Response in Opposition to Defendant County of Milwaukee's Motion to Stay Execution of the Judgment and Waive Supersedeas Bond** via the Court's CM/ECF electronic filing system and thereby served a copy of the same on all counsel of record.

/s/ Theresa Kleinhaus