# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHONDA MARTIN,<br><br>                            Plaintiff,<br>v.<br><br>COUNTY OF MILWAUKEE and<br>XAVIER D. THICKLEN,<br><br>                           Defendants. | Case No. 14-CV-200-JPS<br><br>**ORDER** |

       On December 15, 2017, Defendant County of Milwaukee (the "County") filed a motion to stay execution on the judgment entered against it on September 28, 2017. (Motion, Docket #320; Judgment, Docket #304). Federal Rule of Civil Procedure 62 governs the County's request. It provides that an appealing party may obtain a stay of execution on a judgment if they post supersedeas bond. Fed. R. Civ. P. 62(d). Here, that bond must be sufficient to cover the $6.7 million awarded to Plaintiff in the judgment. Rule 62 further states that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." *Id.* 62(f). In light of this provision, the County also asserts a right to a stay under Wisconsin law.

       The County does not want to post the supersedeas bond and moves the Court to waive the bond requirement. The Court has the discretion to do so. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). In considering the County's request, the Court looks to the criteria enumerated in *Dillon*

> (1) the complexity of the collection process;
>
> (2) the amount of time required to obtain a judgment after it is affirmed on appeal;
>
> (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . .;
>
> (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money . . .; and
>
> (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position[.]

*Id.* at 904-05 (citations and quotations omitted). Wisconsin similarly allows a stay of a money judgment upon consideration of a non-exclusive list of factors: 1) the likelihood of success on appeal, 2) the need to ensure collectability of the judgment, 3) the appellant's ability to recover their money if a stay is not granted, 4) the harm to the appellee if they are not paid until the appeal is denied, and 5) the public's interest. *See Scullion v. Wis. Power & Light Co.*, 614 N.W.2d 565, 573-74 (Wis. Ct. App. 2000); *see also* Wis. Stat. § 808.07(2).[1]

If the County alone were responsible for paying the judgment, the factors might weigh in favor of waiving the bond requirement. The County avers that it has ample funds to pay the judgment and that the collection process should be quick. *See* (Docket #322). The Court notes, however, that

---

[1] The Court is uncertain that the County's Rule 62(f) argument is ripe. The County's opening brief suggests that it is not, stating that "*if* plaintiff properly dockets the Judgment in the Milwaukee County Circuit Court, then by operation of Wisconsin law it will be a lien[.]" (Docket #321 at 7) (emphasis added). Plaintiff's response makes no mention of whether the judgment has indeed been registered in the state court. *See* (Docket #324 at 9-10). The County's reply offers no clarification. *See* (Docket #329 at 8-10). In any event, the request for a stay would be denied under both Rule 62(d) and (f).

financial health is always a fickle prospect for a government entity. Depending on the length of the appeal, the County's ability to pay may change. Further, the County has not offered any alternative form of security for paying the judgment. *See N. Ind. Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986) (appellant agreed to submit periodic financial reports to district court regarding its finances).

As the County's own briefing notes, and as Plaintiff emphasizes in her response to the motion, things are not so simple. The *Dillon* and *Scullion* factors are rendered less helpful because of a unique circumstance in this case: the County and its insurer dispute who must pay the judgment. (Docket #321 at 4-5). The County says that "[r]egardless of the resolution of that dispute, however, a bond is unnecessary," because Plaintiff will either be paid either by the insurer or the County directly. *Id.* at 5.

What the County does not acknowledge is how time-consuming or costly it may be for Plaintiff to wait for the resolution of that dispute or, indeed, whether she would be forced to interject herself into the dispute in order to compel payment. As the Seventh Circuit noted a few years before *Dillon*, "[t]he philosophy underlying Rule 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending h[er] judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed[.]" *Lightfoot v. Walker*, 797 F.2d 505, 506-07 (7th Cir. 1986). The County's reply attempts to assure Plaintiff that it will pay regardless of the pendency of its insurance dispute. (Docket #329 at 4). This statement is made in a legal brief, however, and not a contract or some other binding declaration that payment would be made

to Plaintiff, as was the case in *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 159 F.R.D. 508, 512–13 (E.D. Wis. 1994).[2]

Posting a supersedeas bond is the norm to avoid execution of a judgment during an appeal. *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *see also N. Ind. Pub. Serv. Co.*, 799 F.2d at 281 ("The rule requires [the appellate] to post a bond if he wants an automatic stay, but not if he is content to throw himself on the district judge's discretion."); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) ("Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable."). Because the County seeks an exception to Rule 62(d)'s unequivocal bond requirement, it needed to convince the Court to waive that "important safeguard." *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 800 (7th Cir. 1986) (Easterbrook, J., concurring). It has failed to do so. Regardless of the County's solvency, the Court is not satisfied that Plaintiff's judgment will be paid promptly if she obtains a favorable resolution of the appeal. Plaintiff should not be made to endure what will likely be further protracted litigation between the County and its insurer,

---

[2]The County does offer the affidavit of Scott Manske, its comptroller, but he merely describes the County's financial health and generalized payment procedures. (Docket #322). He does not say that Plaintiff will be paid immediately if she defeats the County's appeal. *See generally id.*

after already waiting so long for a trial in this Court and after defending her judgment on appeal. The County's motion will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Defendant County of Milwaukee's motion for a stay of execution on the Court's September 28, 2017 judgment and to waive supersedeas bond (Docket #320) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge